**In re Stanley and Vickie CHIZ, Debtors.**

**Bankruptcy No. 91–42562–JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Filed Oct. 10, 1991.

Decided March 5, 1992.

Cecilia P. Calabrese, Bacon & Wilson, Springfield, Mass., for debtors.

Joan Andres, Cooley, Shrair, P.C., Springfield, Mass., for Steven Weiss/trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS

JAMES F. QUEENAN, Jr., Chief Judge.

Stanley and Vickie Chiz (the "Debtors") seek under 11 U.S.C. § 522(d)(10)(E) to exempt from their bankruptcy estate their interest in an individual retirement account ("IRA") having a balance of about $17,000.

Section 522(d) provides that "[t]he following property may be exempted under subsection (b)(1) of this section: ... (10) The debtor's right to receive— ... (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor...." The Debtors argue that their IRA is a "similar plan or contract." There is no dispute that the funds are "reasonably necessary" for their support.

I conclude that the Debtors' right to receive payments from their IRA is a "similar plan or contract on account of ... age" within the meaning of § 522(d)(10)(E). The section of the Internal Revenue Code which defines an IRA and spells out some of its tax consequences, 26 U.S.C. § 408 (1988 & Supp.1989), is in Part I of subchapter D of the Internal Revenue Code. Part I is entitled "PENSION, PROFIT SHARING, STOCK BONUS PLANS, ETC." This is certainly one indication that Congress regarded an IRA to be in the same general category as other retirement plans. On a more substantive vein, an IRA enjoys many of the same tax benefits enjoyed by pension, profitsharing and stock bonus plans. Subject to certain limitations, a taxpayer's payment into an IRA is deductible. 26 U.S.C. § 219 (1988 & Supp.1989). The account earns interest tax free, 26 U.S.C.

§ 408(e), and payments out of it are taxed as an annuity. 26 U.S.C. § 408(d).

It is clear from the restrictions placed on the tax deduction, moreover, that IRAs are intended to be used to provide income during the taxpayer's advanced years, which is the purpose shared by all retirement plans. Withdrawals prior to age 59½ bring a ten percent penalty in most cases. 26 U.S.C. 72(q) (1988 & Supp.1989). Deduction is denied to an individual over age 70½. 26 U.S.C. § 219. Although after age 59½ the individual may obtain the funds without penalty whether or not he is retired or disabled, so that IRAs differ from retirement plans in this respect, the clear inference from these tax provisions is Congress envisioned that the funds would be accumulated during normal working years and enjoyed during normal retirement years.

Legislative history points in the same direction. The House Report tells us that "[p]aragraph 10 exempts certain benefits that are akin to future earnings of the debtor." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318. Because of the tax restrictions on IRAs, distributions from them are as "akin to future earnings" as are distributions from pension or profit sharing plans.

I am also guided by the rule of statutory construction which states that "exemption statutes are to be liberally construed in favor of the debtor." *American Honda Finance Corporation v. Cilek (In re Cilek)*, 115 B.R. 974, 989 (Bankr.W.D.Wis. 1990), citing *In re Fisher*, 63 B.R. 649, 651 (Bankr.W.D.Ky.1986).

Some courts hold that IRAs are not exempt because they are more like savings accounts than pension plans. *In re Talbert*, 15 B.R. 536, 537 (Bankr.W.D.La.1981); *In re Mendenhall*, 4 B.R. 127, 129 (Bankr.D.Oregon 1980). Yet, the deposit to a typical savings account receives no deduction. And a depositor of a savings account may withdraw the deposited funds at any time without penalty.

One court has denied an exemption for an IRA because the court viewed it to be against public policy to allow a debtor to convert non-exempt cash into an exempt asset. *In re Lowe*, 25 B.R. 86 (D.S.C.1982), quoting *In re Talbert, supra.* Though debtors on the verge of a bankruptcy may convert their non-exempt assets to exempt assets with the intent to hinder, delay or defraud creditors, such a transfer is voidable under § 548 of the Code. *See e.g., In re Damast*, 136 B.R. 11 (Bankr.D.N.H. 1991). There is no contention that this was done here.

For these reasons, the Debtors' interest in their IRA is exempt as a "similar plan or contract" pursuant to § 522(d)(10)(E) of the Code. A separate order has entered denying the trustee's objection and granting the exemption.