**In re Robert L. YEE, Debtor.**

**Bankruptcy No. 92–11176–JNG.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 23, 1992.

William G. Billingham, Marshfield, Mass., for Chapter 7 Trustee.

Roger Stanford, New Bedford, Mass., for Katherine A. Moniz.

Harvey Alford, Watertown, Mass., for debtor.

MEMORANDUM

JAMES A. GOODMAN, Chief Judge.

## I. INTRODUCTION

Robert L. Yee (the "Debtor") filed a Chapter 13 petition February 6, 1992. He voluntarily converted his Chapter 13 case to a case under Chapter 7 on March 26, 1992. On August 10, 1992, he amended Schedule C—Property Claimed as Exempt. On his amended Schedule C, he claimed that, among other things, his individual retirement account ("IRA"), two life insurance policies, and his Polaroid 401K plan (valued at $14,000) were exempt from his bankruptcy estate pursuant to 11 U.S.C. § 522(d). The chapter 7 trustee (the "Trustee") and a creditor, Katherine A. Moniz ("Moniz"), timely filed objections to the Debtor's claimed exemptions in these assets.

On September 11, 1992, the Court conducted a hearing at which time the Trustee withdrew his objections to the Debtor's claimed exemptions in the life insurance policies and the 401K plan.[1] The Court directed the parties to submit an agreed statement of facts and briefs with respect to the remaining objection to the Debtor's claimed exemption in his IRA. The parties have complied with the Court's order, and there appear to be no facts in dispute.

## II. FACTS

The parties agree that the value of the IRA is $3,115.00, that the Debtor is below the age at which he may withdraw from the IRA for retirement purposes, and that the Debtor does not presently depend upon the IRA for support. From the pleadings in the Debtor's file, the Court notes that the Debtor, who has been employed at Polaroid for eighteen years as an administrative assistant, reports on Schedule J that his net monthly income is $1,428.70 and that his monthly expenses total $1,275.00. Though the Debtor owns his car, he does not own a home. The remainder of his property consists of exempt household

---

1. Counsel to Moniz had notice of the September 11, 1992 hearing but failed to appear. However, Moniz filed a memorandum in support of her objection to the Debtor's exemption in his IRA, which the Court will consider.

goods. The Court lacks information about the Debtor's age, health and job security.

## III. DISCUSSION

Section 522(d) of the Bankruptcy Code provides

> [t]he following property may be exempted under subsection (b)(1) of this section: ... (10) The Debtor's right to receive— ... (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
>> (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
>> (ii) such payment is on account of age or length of service; and
>> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, pr 409 of the Internal Revenue Code or 1954....

11 U.S.C. § 522(d)(10)(E).

■ The party objecting to an exemption has the burden of proving that the exemption is not properly claimed. Federal Rule of Bankruptcy Procedure 4003(c); *In re Hickenbottom*, 143 B.R. 931 (Bankr. W.D.Wash.1992).

■ Moniz asserts that the Debtor's IRA is not a "similar plan or contract" to stock bonus or profit-sharing plans or annuities. The Trustee makes the same argument and further states that the IRA is not "reasonably necessary" for the Debtor's future support. The Trustee adds that since the Debtor does not have a present right to payments from the IRA, § 522(d)(10)(E) does not apply. The Trustee and Moniz cite, *inter alia, In re Clark*, 711 F.2d 21 (3d Cir.1983) (Keogh plan not exempt because debtor had no present right to receive payments), *In re Heisey*, 88 B.R. 47 (Bankr.D.N.J.1988) (IRA not exempt because the debtor had no present right to receive payments), and *In re Pauquette*, 38 B.R. 170 (Bankr.D.Vt.1984) (IRAs not "sim-

ilar plans" because debtor has control of the funds).

The Debtor relies upon *In re Chiz*, 142 B.R. 592 (Bankr.D.Mass.1992) to support his claim that his IRA is exempt from the estate as a "similar plan" provided that his IRA is found to be reasonably necessary for his support.

In *In re Cilek*, 115 B.R. 974 (Bankr. W.D.Wis.1990), the court addressed four rationales used by courts to deny debtors exemptions in IRAs:

> 1) the debtor has "no present rights to receive payments," *In re Heisey*, 88 B.R. 47 (Bankr.D.N.J.1988); 2) IRAs are not "similar plans" because the debtor has control of the funds, *In re Pauquette*, 38 B.R. 170 (Bankr.D.Vt.1984); 3) IRA benefits are not paid "on account of illness disability, death, age, or length of service," *In re Fichter*, 45 B.R. 534 (Bankr. N.D.Ohio 1984); and 4) IRA payments are not "reasonably necessary for the support of the debtor," *Matter of Kochell*, 26 B.R. 86 (Bankr.W.D.Wis.1982).

*In re Cilek*, 115 B.R. at 978.

Moniz and the Trustee have raised all but the third argument noted by the *Cilek* court. Accordingly, the Court will address each of the issues raised.

With respect to the first argument, the *Cilek* court declined to follow the Court of Appeals for the Third Circuit in *In re Clark*, 711 F.2d 21 (3d Cir.1983). The Bankruptcy court rejected the case authority cited by the circuit court for the proposition that the § 522(d)(10)(E) exemption is unavailable absent receipt of payments at the time of filing. Noting that both the subject of the statute and its purpose look to the future, the court stated:

> While the present-tense wording of the statute may lead some courts to conclude that a debtor must presently be receiving pension payments to qualify for exemption under 11 U.S.C. § 522(d)(10)(E), this Court believes that such an inference is not based upon the plain meaning of the statute. 11 U.S.C. § 522(d)(10)(E) does not explicitly require the debtor to begin receiving payments at the time the peti-

tion is filed. In fact, with the language "right to receive a payment *under* a stock bonus, pension, profitsharing, annuity, or similar plan" (emphasis added), 11 U.S.C. § 522(d)(10)(E) explicitly leaves the timing of payments to the terms of the debtor's plans.

*In re Cilek*, 115 B.R. at 979. This Court agrees with the reasoning advanced by the *Cilek* court and, therefore, overrules the objections based upon this argument.

With respect to the second argument, in *In re Chiz, supra,* the United States Bankruptcy Court for the District of Massachusetts agreed with the court in *Cilek* and held that an IRA is a "similar plan" under § 522(d)(10)(E). The court found that Congress considered IRA's to be "in the same general category as other retirement plans" and "envisioned that the funds would be accumulated during normal working years and enjoyed during normal retirement years." *Id.* at 592 and 593. The court noted that IRA's enjoy similar tax benefits as pensions, profit sharing, and stock bonus plans and, subject to some limitations, a taxpayer's deposit into an IRA is tax deductible, unlike a savings account. The court further noted that IRA's accumulate interest tax free, and disbursements from them are taxed as an annuities. *Id.* at 592–593. The court stated

> Legislative history points in the same direction. The House Report tells us that "[p]aragraph (10) exempts certain benefits that are akin to future earnings of the Debtor." H.R.Rep. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1987, 6318. Because of the tax restrictions on IRA's, distributions from them are as "akin to future earnings" as are distributions from pension or profit sharing plans.

*Id.* at 593.

Indeed the *Cilek* court defined "akin to future earnings" to mean that the funds were "designed to function as a wage substitute at some *future* period and, during that *future* period, to 'support the basic requirements of life for [the debtors] and their families ...'." 115 B.R. at 988 *citing*

*Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431. 41 L.Ed.2d 374 (1974) (emphasis original). The *Cilek* court also concluded that "similar plan" means a plan which shares traits in common with the four specific plans named in § 522(d)(10)(E). The Wisconsin court concluded that the one important trait they all share in common is that they provide a substitute for future wages. "Just as pensions were designed to function as a substitute for future earnings, so too were IRA's designed to function as a substitute for future earnings." *In re Cilek,* 115 B.R. at 988.

With respect to the Trustee's remaining argument—that it is speculative at best to suggest that the IRA is reasonably necessary for the Debtor's support—the Court lacks the evidence necessary to make a decision on this point. Resolution of the issue must depend upon whether the burden was upon the Trustee or the Debtor to introduce evidence that would permit an informed decision. Since " 'exemption statutes are to be liberally construed in favor of the debtor,' " *In re Chiz,* 142 B.R. at 593, and the Trustee has the burden of proving that the exemption was improperly claimed, *In re Hickenbottom,* 143 B.R. at 934, the Court overrules the Trustee's objection on this score. As the Court in *Hickenbottom* so aptly stated when presented with such a small IRA, "[it] offers little chance of becoming so large that it would generate a stream of income greater than the Debtors' retirement needs." *Hickenbottom,* 143 B.R. at 934. Accordingly the Court concludes that Moniz and the Trustee have not met their burden that the IRA exemption was improperly claimed by the Debtor.

For all of the reasons set forth above, the Court overrules the objections to the Debtor's IRA exemption. The foregoing shall constitute findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. An appropriate Order shall issue.