In re George K. BREWER, Debtor.

Carlota M. BOHM, Trustee, Movant,

v.

George K. BREWER, Respondent.

Bankruptcy No. 92–25198–BM.
Motion No. 93–0428M.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 17, 1993.

---

Carlota M. Bohm, Houston Harbaugh, P.C., Pittsburgh, PA, Chapter 7 Trustee.

Forest C. Sexton, Pittsburgh, PA, for debtor/respondent.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is the trustee's objection to an exemption claimed by debtor pursuant to 11 U.S.C. § 522(d)(10)(E) in an individual retirement account ("IRA") val-

ued at $33,239.00. According to the trustee, the exemption should be disallowed because the amount claimed as exempt—i.e., $33,239.00—has not been proven to be reasonably necessary for the support of debtor and/or his dependents.

Debtor responds that the IRA is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) and therefore need not even be claimed as exempt. He further avers, through his lawyer and court documents, that the exemption should be allowed in its entirety because the amount claimed is reasonably necessary for his and his dependents' support.

The trustee's objection will be sustained. The exemption in the IRA as claimed by debtor will be disallowed.

–I–

**FACTS**

Debtor had been employed by G.C. Murphy Department Stores ("Murphy") as a store manager until 1985, when Murphy went out of business. During his employment with Murphy, debtor had participated in an employer-sponsored 401(k) pension plan.

After he lost his job with Murphy, debtor found similar employment with Ames Department Stores ("Ames"). He rolled over the 401(k) plan he had with Murphy into a similar 401(k) plan sponsored by Ames.

Debtor was discharged from his employment with Ames in June of 1992. He remains unemployed to date and is receiving unemployment compensation in the amount of $304.00 per week.

Upon his termination by Ames, debtor rolled over the proceeds of his 401(k) plan with Ames into an IRA with Metropolitan Life Insurance Company ("Metropolitan"). Debtor is not yet receiving any distribution from the IRA.

Debtor is fifty-two (52) years of age. He is married and has a son who is nineteen (19) years of age.

On November 30, 1992, debtor filed a voluntary chapter 7 petition. A chapter 7 interim trustee was appointed on December 3, 1992.

According to the schedules appended to the bankruptcy petition, debtor owns no real property.

Schedule B, Personal Property, lists assets valued at approximately $40,000.00. The most significant asset is the above IRA, with a declared value of $33,239.00.

Debtor seeks to exempt *all* of his personal property on Schedule C, Property Claimed As Exempt. The entire declared value of the IRA is claimed as exempt pursuant to 11 U.S.C. § 522(d)(10)(E).

Debtor has secured and unsecured debt amounting to $24,595.00. Schedule D, Creditors Holding Secured Claims, lists $6,102.00 in secured debt owed to Pittsburgh National Bank in connection with an automobile loan. Debtor has chosen to reaffirm this debt. Schedule E, Creditors Holding Unsecured Nonpriority Claims, lists debts amounting to $18,498.00. All but $905.00 of this amount is credit card debt, incurred in the very recent past by debtor and/or his non-debtor wife.

According to Schedule I, Current Income Of Individual Debtor(s), debtor's sole source of income is $1,216.00 per month unemployment compensation. The schedule does not, and debtor will not, indicate whether debtor's spouse is employed and, if she is, what her current income is.

Schedule J, Current Expenditure Of Individual Debtor(s), lists the debtor's monthly expenditures. The budget is neither lavish nor spartan. Some of the expenses set forth therein unquestionably relate to debtor's wife and son.

On February 19, 1993, the trustee formally objected to debtor's claimed exemption of the entire declared value of the IRA. According to the trustee, the amount claimed is not reasonably necessary for the support of debtor and of his dependents.

On March 15, 1993, debtor responded to the trustee's objection. Debtor takes the position that the IRA is excluded from the bankruptcy estate by virtue of 11 U.S.C. § 541(c)(2). If the IRA is so included, debtor further argues, he may exempt it in its

entirety pursuant to 11 U.S.C. § 522(d)(10)(E) because it is reasonably necessary for his support in light of his unemployment.

A hearing was held on the trustee's objection on March 23, 1993.

–II–

## ANALYSIS

Two issues have been raised by the parties:

(1) whether the IRA is excluded from the bankruptcy estate by virtue of 11 U.S.C. § 541(c)(2); and

(2) if it is not so excluded, whether it may be exempted pursuant to 11 U.S.C. § 522(d)(10)(E).

### A. *Is The IRA Excluded From The Bankruptcy Estate?*

■ In general, any legal or equitable interest that a debtor has in property as of the filing of the bankruptcy petition becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1).

There are exceptions to this broad principle. For instance, an interest that a debtor has in property is *excluded* from the bankruptcy estate to the extent of:

[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law ...

11 U.S.C. § 541(c)(2).

■ Section 541(c)(2) is not limited to state law. It encompasses any relevant nonbankruptcy law, including federal law. *See Patterson v. Shumate,* — U.S. —, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992). If federal nonbankruptcy law imposes an enforceable restriction on the transfer of a debtor's beneficial interest in a trust, that interest is not included in the bankruptcy estate.

■ Debtor maintains that his interest in the IRA is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) in light of 26 U.S.C. § 72(t), which provides in pertinent part as follows:

(t) **10–percent additional tax on early distributions from qualified retirement plans.—**

(1) **Imposition of additional tax.**—If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

(2) **Subsection not to apply to certain distributions.**—Except as provided in paragraph (3) and (4), paragraph (1) shall not apply to any of the following distributions:

(A) **In general.**—Distributions which are—

(i) made on or after the date on which the employee attained age 59½;
...

This contention is without merit. Section 72(t) does *not* impose a restriction on the *transfer* of debtor's interest in the IRA which is at issue here.

As has been noted, 11 U.S.C. § 541(c)(2) provides that it applies to restrictions on certain *transfers* that are enforceable under nonbankruptcy law, including federal law. "Transfer" is defined in the Bankruptcy Code as "every mode of *disposing of or parting with* property or with an interest therein ..." (emphasis added). 11 U.S.C. § 101(58).

Section 72(t) of the Internal Revenue Code does *not* place any restrictions on debtor's "disposing of or parting with" his interest in the IRA. Rather, it imposes a tax surcharge on debtor's receipt of a distribution from the IRA before he reaches a specified age. Debtor was available to testify at trial but declined to do so. Counsel averred that debtor might in the future be required to invade this res and incur this penalty so as to use these assets. To date, this averment is mere speculation by counsel. Debtor has declined to engage in even this speculation. We concur and refuse to speculate.

The exclusion from estate property set forth that § 541(c)(2) of the Bankruptcy

Code does not apply to debtor's IRA by virtue of 26 U.S.C. § 72(t). Accordingly, it must be concluded that the IRA is included in the bankruptcy estate as of the filing of the bankruptcy petition.

### B. *Is The IRA Exemptible Pursuant To 11 U.S.C. § 522(d)(10)(E)?*

Once the bankruptcy estate has been created, an individual debtor may claim certain property included therein as exempt pursuant to 11 U.S.C. § 522, which provides in relevant part as follows:

(d) The following property may be exempted under subsection (b)(1) of this section: ....

(10) the debtor's right to receive— ...

(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor....

According to debtor, he should be permitted to exempt the entire declared value of his IRA because it may be reasonably necessary in the future for his and his dependents' support.

This argument, like the previous argument, is without merit. Debtor may not exempt the IRA pursuant to 11 U.S.C. § 522(d)(10)(E) for a variety of reasons.

As has been noted, debtor is only 52 years of age. He is not receiving any distribution from the IRA at this time and cannot do so without incurring a substantial tax penalty because he has not yet reached 59½ years of age.

The Third Circuit has held that payments under a Keogh plan are exemptible pursuant to § 522(d)(10)(E) only if the debtor has a *present* right to receive payments. A *future* right to receive such payments is *not* so exemptible. *See In re Clark,* 711 F.2d 21, 23 (3d Cir.1983).

Some courts outside of this circuit have been critical of *In re Clark* and have declined to follow it. *See In re Cilek,* 115 B.R. 974, 978–79 (Bankr.W.D.Wis.1990). This court, however, is constrained to ad-here to the holding of *In re Clark* where it is applicable.

It is immaterial that this debtor seeks to exempt an IRA, as opposed to a Keogh plan. The rationale of *In re Clark* applies with equal force to an IRA where, as here, the debtor has no present right to receive payments but has only a future right to receive them. *See In re Heisey,* 88 B.R. 47, 51 (Bankr.D.N.J.1988).

Debtor's claimed exemption also must be disallowed because the amount claimed is not reasonably necessary for his and his dependents' support.

The party objecting to a claimed exemption has the burden of showing that it is not properly claimed. *See* Bankruptcy Rule 4003(c). In this instance, the trustee must show that the amount claimed as exempt—i.e., $33,239.00—is not reasonably necessary for the support of debtor and his dependents.

Several considerations should be taken into account when determining whether a claimed exemption is "reasonably necessary" for purposes of § 522(d)(10)(E). Debtor's age, present employment, future employment prospects, and general health should be considered. *See In re Werner,* 31 B.R. 418, 422 (Bankr.D.Minn.1983). The appropriate amount to be exempted, if any, ought to be sufficient to sustain basic needs, not to maintain debtor's former lifestyle or status in society. *See In re Taff,* 10 B.R. 101, 107 (Bankr.D.Conn.1981).

As has been stated, debtor was in court when this matter was litigated. He declined to offer testimony.

His counsel makes much of the fact that debtor presently is unemployed and that his sole source of income—i.e., unemployment compensation—is expected to run out in the near future. Debtor personally offered no insight as to his future. To the contrary, our experience indicates only a small relationship between debtor's projections in his interest and the later-proved facts.

The speculative, subjective factors, if considered to the exclusion of the objective, might suggest that debtor's claimed exemption ought to be allowed in its entirety. However, when they are considered in conjunction with the objective factors, the most reasonable conclusion is that the exemption as claimed ought to be disallowed.

Debtor is only 52 years of age and is in good health. It is reasonable to expect that he will be able to again find gainful employment and to provide for his and his dependents' basic needs.[1]

Also, there is no reason why debtor's spouse, if she is not already gainfully employed, cannot find employment and contribute to her and to debtor's support. If she and debtor do so, as surely they must, the IRA in all likelihood will not be necessary for their future support.

One final point should be noted. It is abundantly clear after scrutinizing debtor's schedules that debtor, by filing for bankruptcy, is attempting to retain *all* of his assets, especially the IRA, while relieving himself of liability for all unsecured debts by means of a general discharge. His general unsecured creditors would receive nothing by way of distribution. Disallowing debtor's exemption in the amount claimed will provide funds with which his unsecured creditors could be paid in full while still leaving approximately $15,000.00 which debtor could use for his and his dependents' future support. This amount, when coupled with what debtor and his spouse can expect to earn through gainful employment, should be more than adequate to provide them with life's basic needs.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 17th day of May, 1993, in accordance with the foregoing Memorandum Opinion, is hereby is **ORDERED, ADJUDGED** and **DECREED** that the trustee's objection to debtor's claimed exemption in debtor's individual retirement account is **SUSTAINED.** Debtor's claimed exemption in the individual retirement account pursuant to 11 U.S.C. § 522(d)(10)(E) is **DISALLOWED.**

---

1. Debtor in all likelihood will be compelled to find gainful employment even if the exemption were allowed in its entirety. If debtor's schedules of current income and expenditures are to be believed, the amount realized from the IRA will fall well short of what will be needed to meet expenditures. Debtor's lamentation that his prospects of finding new employment are bleak rings hollow.