**In re Robert W. LIMA Jr. and Brenda J. Lima, Debtors.**

**Bankruptcy No. 93–20592.**

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

June 21, 1994.

2. *See* plaintiff's draft bill, LN Nos. 229–37, 246, 248–51.

Stephen E. Shamban, Chapter 7 Trustee, Shamban Law Offices, Braintree, MA.

Daniel E. Goldrick, Fagan & Goldrick, P.C., Taunton, MA, for debtor.

*Decision Regarding Trustee's Objection to Debtors' Claim of Exemption*

WILLIAM C. HILLMAN, Bankruptcy Judge.

Before the Court is the Chapter 7 trustee's objection to debtors' claimed exemptions. Debtor Robert Lima has a 401(k) Plan from his previous employer, Shaws, with a current balance of $10,000. Co-debtor Brenda Lima has an IRA account with a balance of $9,000. Debtors have $312,888 in unsecured debt mainly resulting from real estate foreclosure deficiencies.

The trustee has raised two objections. One, debtors chose both the federal exemptions under § 522(d) for some assets and the state exemptions under § 522(b)(2)(A) for their IRA and 401(k) in contravention of § 522(b). In response, Debtors have indicated that they are claiming the IRA and 401(k) exempt under the federal exemption provision in § 522(d)(10)(E). Second, trustee argues that Debtors have made no showing as to why the IRA is exempt under the federal exemption.

Section 522(d)(10)(E) states:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profit sharing, annuity, *or similar plan* or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor ...

11 U.S.C. § 522(d)(10)(E) (emphasis added).

The issue for the Court to decide is whether an IRA is a "similar plan or contract" exempt from property of the estate under § 522(d)(10)(E) and if so, to what extent is it exempt.[1] The party objecting to an exemption has the burden of proving that the exemption is not properly claimed. Fed. R.Bankr.P. 4003(c).

The Court is aware that three judges in this district have found IRA's to be "similar plans or contracts" under the statute, *see In re Link*, 93–18381–JNF, 1994 WL 574073 (D.Mass. Feb. 28, 1994); *In re Yee*, 147 B.R. 624 (Bankr.D.Mass.1992); *In re Chiz*, 142 B.R. 592 (Bankr.D.Mass.1992) and that the only Circuit to decide the issue found that the exemption *does not* apply to IRAs unless the debtor has a present right to payment from the IRA without penalty. *See Clark v. O'Neill (In re Clark)*, 711 F.2d 21, 23 (3d Cir.1983). I need not decide the issue of whether an IRA constitutes a "similar plan or contract" at this time as my determination regarding the statute's other requirement resolve the trustee's objection.

The statute allows the exemption only to the extent that the funds are "reasonably necessary" to support the debtors and their dependents. The "reasonably necessary" determination is usually based on the factors enunciated in *In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Iowa 1986), which include:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

and the Court will therefore not address that issue.

---

1. There is no dispute regarding the 401(k) Plan. The trustee concedes that the plan is excluded from "property of the estate" under § 541(c)(2),

(3) Age of the debtor and dependents;

(4) Health of the debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training, and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents;

(11) Debtor's financial obligations, e.g. alimony and support payments.

*Id.* at 889–90.

The parties submitted an agreed statement of facts relevant to the above factors. The couple has no dependents. Mrs. Lima, the holder of the IRA, is 35 years old, in good health, has a masters degree in nursing, and earns $750 a week. Mr. Lima, the holder of the 401(k), is 37 years old, in good health, and earns $300 a week. The couple has about $11,000 worth of equity in their primary residence and has $312,888 in unsecured debt which will be discharged in this case.

Despite debtors' argument that their IRA is "small enough such that it would never generate a stream of income greater than the debtors' retirement needs," the Court finds the funds are not reasonably necessary to provide for debtors' future support. The age and health of the debtors, the absence of any dependents, debtors' ability to work and earn a living, to save money toward retirement after a bankruptcy discharge, and the funds from their exempt 401(k) plan indicate that Debtors still have adequate time and means to prepare for their retirement. *See Bohm v. Brewer (In re Brewer)*, 154 B.R. 209, 214 (Bankr.W.D.Pa.1993).

Even if I were to find the IRA to be a "similar plan," it is not *reasonably necessary* for the support of the debtors. The Court sustains the trustee's objection to debtors'

claim of exemption with regard to their IRA. A separate order will follow.