**In re Henry C. MARSELLA and Linda C. Marsella, Debtors.**

**Bankruptcy No. 95–12106.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 14, 1995.

Anthony S. Buglio, Warwick, RI, for Debtors.

Matthew McGowan, Chapter 7 Trustee, Providence, RI.

---

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Chapter 7 Trustee's Objection to the Debtor Henry Marsella's claimed exemption in an Individual Retirement Account. The Trustee argues that an IRA is not exempt under 11 U.S.C. § 522(d)(10)(E) if the Debtor has no present right to payment under the plan, and he cites *In re Chick*, 135 B.R. 201 (Bankr.D.Conn. 1991), and *In re Heisey*, 88 B.R. 47 (Bankr. D.N.J.1988). The Debtor replies that there is a split of authority on the issue and cites *In re Cilek*, 115 B.R. 974 (Bankr.W.D.Wis. 1990), and *In re Yee*, 147 B.R. 624 (Bankr. D.Mass.1992), for the proposition that the exemption afforded under § 522(d)(10)(E) is not limited to the Debtor's present right to receive payments under a pension or profit sharing plan, but also extends to future rights.

For the reasons given and discussed at length in these cases, we agree with *Yee* and *Cilek*, and hold that § 522(d)(10)(E) does not require a debtor to begin receiving payments under a pension plan *before* the petition was filed in order to qualify for the exemption. *Yee*, 147 B.R. at 625; *Cilek*, 115 B.R. at 978; *see also In re Bates*, 176 B.R. 104, 109 (Bankr.D.Me.1994).

Accordingly, the Trustee's Objection to the Debtor's claim of exemption is OVERRULED. The Trustee has not objected to the claimed exemption on the ground that the $20,121 claimed as exempt is not necessary for the support of the Debtor or his dependents. However, considering the amount of the exemption and the fact that the Debtor is 58 years old, we would overrule such an objection in this case.

Enter Judgment consistent with this order.