**In the Matter of Paul A. WILLIAMS, Lois Williams, Debtors.**

**Bankruptcy No. 91–40092.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

June 20, 1996.

93 B.R. at 112 n. 2 (court expresses no opinion on plan's effect on joint venturers and guaran- tors).

399

Stephen G. Gunby, Columbus, Georgia, Danny L. Akin, Macon, Georgia, for Debtors.

Ernest Kirk, II, Chapter 7 Trustee, Columbus, Georgia.

Michael P. Cielinski, Columbus, Georgia, for Tabb Corporation, d/b/a Computerland of Columbus.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Ernest Kirk, II, Chapter 7 Trustee ("Trustee") filed on November 8, 1995, his Trustee's Objection to Debtors' Amendment

to Exemptions. A hearing on Trustee's objection was held on April 2, 1996. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Paul A. Williams, Debtor, was employed for twenty-six years by the Pratt & Whitney Division of United Technologies, Inc. (hereinafter "United Technologies"). Debtor's employment was terminated in August of 1988. Debtor received pay from United Technologies through March 15, 1989. Debtor filed an age discrimination complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC found in favor of Debtor, but took no further action against United Technologies. Debtor then filed a civil action against United Technologies in the United States District Court for the Middle District of Georgia.[1]

Debtor and his wife filed a joint petition under Chapter 13 of the Bankruptcy Code on January 16, 1991.[2] Debtor's bankruptcy schedules did not disclose the district court litigation against United Technologies. The Chapter 13 Trustee, on March 25, 1991, filed an objection to confirmation and motion to dismiss Debtor's Chapter 13 case. The Chapter 13 Trustee argued that Debtor's Chapter 13 plan must include any recovery from the district court litigation. Debtor modified his Chapter 13 plan to provide that any recovery in excess of $7,500 [3] would be submitted to the Chapter 13 Trustee for distribution to creditors. The Court entered an order on July 5, 1991, confirming Debtor's Chapter 13 plan.

Debtor was unable to make his Chapter 13 payments. Debtor's Chapter 13 case was converted to a Chapter 7 case in December of 1991. Ernest Kirk, II, was appointed to be the Chapter 7 Trustee.

Debtor filed on April 24, 1992, an amendment to his bankruptcy schedules listing the district court litigation. Debtor claimed $7,500 of any recovery as exempt property. Neither Trustee nor any creditor filed an objection to the claimed exemption.[4]

The district court litigation was tried before a jury in September of 1994. The jury rendered a special verdict in favor of Debtor on September 9, 1994, which provides, in part:

## SPECIAL VERDICT FORM

1. Do you find the plaintiff has proven by a preponderance of the evidence that his age was a determining factor in the decision to lay him off?

<u>     Yes     </u>
(Yes or No)

. . . .

2. If your answer to question 1 is "yes," what amount of salary and/or other employment benefits has plaintiff proved he lost as a result of defendant's age discrimination?

<u>$225,214.00</u>

■ If your answer to question 1 is "Yes," has the plaintiff proven by a preponderance of the evidence that defendant willfully discriminated against him because of his age?

<u>     Yes     </u>
(Yes or No)

The district court entered on October 14, 1994, an Order Directing Entry of Final Judgment, which provides, in part:

It is hereby Ordered and Adjudged that the Clerk of Court enter Judgment against Defendant [United Technologies] and in favor of Plaintiff [Debtor] in the amount of $450,428.00 and in accordance with the Special Verdict of the Jury which is at-

---

1. *Paul A. Williams v. United Technologies, Inc., d/b/a Pratt & Whitney Division,* Civ.Action No. 90–84–COL (M.D.Ga.).

2. At the hearing on April 2, 1996, Debtor's counsel stated that Debtor's wife does not assert a claim to any of the funds at issue in this decision. The Court, therefore, will simply refer to Paul A. Williams as "Debtor."

3. Debtor claimed this amount as exempt property.

4. Fed.R.Bankr.P. 4003(b); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (trustee cannot contest validity of claimed exemption after time for objecting has expired even though debtor has no colorable basis for claiming exemption).

tached hereto as Exhibit "A" and expressly made a part hereof, which sum represents the amount of salary and other employment benefits the jury found that Plaintiff [Debtor] lost in response to question two (2) of the Special Verdict form plus an equal amount as liquidated damages in light of the jury's additional finding of willful discrimination in said Special Verdict Form.

It is further Ordered that the issue of reinstatement of Plaintiff [Debtor] or, in the alternative, an award of front pay in lieu of reinstatement, is hereby reserved pending further proceedings and Order of this Court.

It is further Ordered that the issue of Plaintiff's [Debtor's] attorneys fees and expenses of litigation is hereby reserved pending further proceedings and Order of this Court.

United Technologies has appealed the district court judgment to the Eleventh Circuit Court of Appeals. Trustee has been substituted for Debtor as the real party in interest in the appeal. The circuit court has not rendered a decision. The district court has not ruled on Debtor's request for reinstatement, front pay, attorney's fees, and expenses of litigation.

Debtor filed on October 12, 1995, an Amendment to Exemptions. Trustee filed an objection to the amendment on November 8, 1995. A hearing on Trustee's objection was held on April 2, 1996. Debtor filed on April 8, 1996, a Modification of Amendment to Exemptions. Tabb Corporation, d/b/a Computerland of Columbus, filed on April 11, 1996, an Amended Objection to Debtors' Claim of Exemptions as Amended.

Debtor claims, as exempt property, the entire district court award as well as any reinstatement, front pay, attorney's fees, and expenses of litigation which the district court may subsequently award. Debtor argues that the entire award is reasonably necessary for the support of Debtor and his wife.

The issues presented to the Court are (1) whether the district court award is property of Debtor's bankruptcy estate and (2) whether Debtor can claim as exempt property any part of the award.

The Court notes that it may be premature to decide these issues since an appeal is pending in the Eleventh Circuit Court of Appeals. *See In re Watson,* 187 B.R. 583 (Bankr.N.D.Ohio 1995) (premature to consider debtor's claimed exemption until liquidation of personal injury claim). The parties, however, advise the Court that a judicial determination on Debtor's exemption claim is necessary to determine Debtor's standing to participate in the age discrimination litigation. *See Wissman v. Pittsburgh National Bank,* 942 F.2d 867, 871–72 (4th Cir.1991) (debtor's claimed exemption in a cause of action provides necessary standing to the debtor).

■ Debtor's employment with United Technologies was terminated in August of 1988. Debtor's Chapter 13 bankruptcy case was filed on January 16, 1991. Section 541(a) of the Bankruptcy Code provides,[5] in part:

### § 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

. . . .

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

5. Debtor and his wife filed for bankruptcy relief in 1991. The relevant sections of the Bankruptcy Code have not subsequently been amended.

(7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C.A. § 541(a)(1), (6), (7).

■ Property of the bankruptcy estate includes property which the debtor may be entitled to claim as exempt. 11 U.S.C.A. § 522(b); *Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir.1996). Property which is not property of the estate cannot be exempted by a debtor. *Owen v. Owen*, 500 U.S. 305, 307–09, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

■ A debtor's bankruptcy estate includes causes of action existing at the time of the commencement of the bankruptcy case. The trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed. This includes causes of action which the debtor fails to disclose in his bankruptcy schedules. *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556, 1559–60 (11th Cir.1985); *see also Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988) (only bankruptcy trustee, not the debtor, has power to settle a cause of action); *Chapes, Ltd. v. Anderson (In re Scaife)*, 825 F.2d 357, 361 (11th Cir.1987) (the bankruptcy trustee does not sue as agent of the debtor, rather the trustee sues as the debtor's successor in interest).

■ "A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir.1993); *See also Neuton v. Danning (In re Neuton)*, 922 F.2d 1379, 1382–83 (9th Cir.1990).

In *In re Carson*,[6] the Bankruptcy Court for the Southern District of Ohio considered the settlement of an employment discrimination lawsuit. The court concluded that the portion of an employment discrimination settlement which represents compensation for lost future wages or "front pay" is property of the bankruptcy estate, and that, because

the settlement represents compensation for loss of future earnings as opposed to payment for actual, postpetition services by the debtor, the earnings exemption of 11 U.S.C.A. § 541(a)(6) did not apply. The bankruptcy court allowed the debtor to claim as exempt that part of the settlement which represented the loss of future earnings even though the settlement was in a lump sum form.

■ A debtor's cause of action for prepetition age discrimination is property of the bankruptcy estate. *Harris v. St. Louis University*, 114 B.R. 647 (E.D.Mo.1990).

■ Property of the bankruptcy estate "includes employment discrimination claims ... [which] may be pursued only by the Trustee." *Bickford v. Ponce de Leon Care Center*, 918 F.Supp. 377, 378 (M.D.Fla.1996); *see In re Carson*, 82 B.R. at 851.

The Court is persuaded that Debtor's cause of action for age discrimination against United Technologies became property of Debtor's bankruptcy estate. The Court is persuaded that the district court award in favor of Debtor is property of the bankruptcy estate.

■ The Court now turns to consider whether Debtor can claim, as exempt property, any part of the district court award.

The State of Georgia has "opted out" of the federal exemptions provisions. O.C.G.A. § 44–13–100(b). The exemptions to which Debtor is entitled are set forth in O.C.G.A. § 44–13–100, which provides, in relevant part:

**44–13–100. Applicability of articles to intestate insolvent estates.**

(a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

. . . .

(11) The debtor's right to receive, or property that is traceable to:

. . . .

---

6. 82 B.R. 847 (Bankr.S.D.Ohio 1987).

(E) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. O.C.G.A. § 44–13–100(a)(11)(E).

■■■ Bankruptcy Rule 4003(c)[7] provides that Trustee and Tabb Corporation have the burden of proving that Debtor's exemptions are not properly claimed.

Debtor claims as exempt property the entire district court award in the amount of $450,428. Debtor argues the entire award is reasonably necessary for the support of Debtor and his wife. Under Georgia law, Debtor is entitled to exempt a payment in compensation of loss of future earnings to the extent reasonably necessary for support of Debtor or his dependents.

The district court jury determined that Debtor lost, as a result of age discrimination, salary and other employment benefits in the amount of $225,214. The district court awarded an "equal amount as liquidated damages" because the jury determined that the discrimination was willful.[8]

"The legislative history of the ADEA [Age Discrimination in Employment Act] indicates that Congress intended for liquidated damages to be punitive in nature." *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985).

In *Castle v. Sangamo Weston, Inc.,*[9] the Eleventh Circuit Court of Appeals stated:

A district court [in an age discrimination action] may not factor in the liquidated damages award when considering equitable relief because liquidated damages are punitive in nature. *Thurston,* 469 U.S. at 125, 105 S.Ct. at 624. Punitive damages are imposed on a defendant to punish him or to set an example for others; they are awarded to plaintiffs *in addition to* compensatory or actual damages. *See* Black's

Law Dictionary 352 (5th ed. 1979). Liquidated damages are not meant to replace equitable relief under the ADEA. *See Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276, 280 (8th Cir.1983).

837 F.2d at 1562.

The district court awarded Debtor the total of $450,428. This represents $225,214 for lost wages and $225,214 as liquidated damages because of the jury's finding that United Technologies had willfully discriminated against Debtor. The Court is persuaded that the $450,428 does not represent "compensation of loss of future earnings." Debtor, therefore, is not entitled to exempt the district court award except to the extent of $7,500, which he claimed in his amendment to his bankruptcy schedules filed on April 24, 1992. Neither Trustee nor any creditor timely objected to that claimed exemption.

The Court now turns to consider whether Debtor can claim as exempt property part of the award the district court may render which actually represents loss of future earnings. The district court has not ruled on Debtor's request for reinstatement, front pay, attorney's fees, and expenses of litigation. The Court notes, however, that Debtor may be able to exempt an award for loss of future earnings that is reasonably necessary for the support of Debtor and his wife.

■■■ A debtor is required to list in his bankruptcy schedules the property which he claims as exempt. 11 U.S.C.A. § 522(*l*), Fed.R.Bank.P. 4003(a). "[C]oncealment of an asset will bar exemption of that asset." *Doan v. Hudgins (In re Doan),* 672 F.2d 831, 833 (11th Cir.1982).

Debtor's Chapter 13 schedules failed to list the cause of action against United Technologies. Trustee argues, therefore, that Debtor cannot claim as exempt any part of the district court award. Debtor testified at the April 2, 1996, hearing:

---

7. Fed.R.Bankr.P. 4003(c). This rule provides:
   **Rule 4003. Exemptions**
   . . . .
   (c) **BURDEN OF PROOF.** In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on no-
   tice, the court shall determine the issues presented by the objections.

8. *See* 29 U.S.C.A. § 626(b) (West 1985).

9. 837 F.2d 1550 (11th Cir.1988).

It wasn't an asset that I knew about. I didn't know it would be listed as an asset in chapter 13.... I told my attorney about the asset or the lawsuit and that I wanted to pay back all my creditors.

*Transcript* at 25.

I want you to know that the bankruptcy attorney knew about the lawsuit from day one.

*Transcript* at 34.

The record in this bankruptcy case shows that, on March 25, 1991, the Chapter 13 Trustee filed an objection, arguing that Debtor's Chapter 13 plan must include any recovery from the district court litigation. Debtor timely modified his Chapter 13 plan to provide that any recovery in excess of $7,500 would be submitted to the Chapter 13 Trustee for distribution to creditors. The Court confirmed Debtor's plan in July of 1991.

The Court is not persuaded that Debtor attempted to conceal his cause of action against United Technologies.

The Georgia exemption statute does not define "reasonably necessary for support." In *In re Velis*,[10] the district court stated:

A determination of the basic needs of a debtor and his or her dependents necessarily includes, at a minimum, consideration of (1) debtor's present and anticipated living expenses; (2) debtor's present and anticipated income from all sources; (3) the age of the debtor and his or her dependents; (4) the health of debtor and his or her dependents; (5) debtor's ability to earn a living; (6) debtor's job skills, training and education; (7) debtor's other assets, including exempt assets; (8) the liquidity of these other assets; (9) debtor's ability to save for retirement; (10) the special needs of the debtor and his or her dependents; and (11) debtor's continuing financial obligations, e.g., alimony or support payments. *In re Flygstad,* 56 B.R. 884, 889–90 (Bankr.N.D.Iowa 1986).

123 B.R. at 511.

*See also In re Link,* 172 B.R. 707, 710–11 (Bankr.D.Mass.1994); *In re Bogart,* 157 B.R. 345, 347 (Bankr.N.D.Ohio 1993).

**10.** 123 B.R. 497 (D.N.J.), *aff'd in part, rev'd in part on other grounds,* 949 F.2d 78 (3rd Cir. 1991).

■ "The determination of what is 'reasonably necessary' for the support of a debtor is necessarily fact sensitive." *In re Lamb,* 179 B.R. 419, 428 (Bankr.D.N.J.1994).

■ "The [reasonably necessary] exemption is not intended to continue the debtor's standard of living in the future, but is to be used to provide for the basic needs of the debtor and any dependents." *In re Link,* 172 B.R. 707, 711 (Bankr.D.Mass.1994); *Bohm v. Brewer (In re Brewer ),* 154 B.R. 209, 213 (Bankr.W.D.Pa.1993).

■ Exemption statutes are liberally construed in favor of the debtor. *Caron v. Farmington National Bank (In re Caron ),* 82 F.3d 7, 10 (1st Cir.1996).

The Court is persuaded that Debtor may exempt that part of the district court award for loss of future earnings that is reasonably necessary for the support of Debtor and his wife. Since the district court has not made its award on loss of future earnings, this Court is unable to apply the exemption statute at this time. Once the district court has ruled, Debtor may seek to claim the award as exempt. Trustee and any creditors, of course, can object to the claimed exemption.

■ In conclusion, the Court notes that an award by the district court for attorney's fees and expenses of litigation would be part of the bankruptcy estate. Anyone claiming an entitlement to that award will need to properly assert his interest in this Court.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the award of the United States District Court for the Middle District of Georgia in the amount of $450,428 is prop-

erty of the bankruptcy estate; and it is further

ORDERED that Paul A. Williams, Debtor, may exempt $7,500 of the district court award; and it is further

ORDERED that Debtor's entitlement to exempt an award by the district court for the loss of future earnings must await a final award being made by the district court.

SO ORDERED.