**In Re Daniel J. HEISEY, Debtor.**

**Bankruptcy No. 86–03024.**

United States Bankruptcy Court,
D. New Jersey.

May 5, 1988.

Katherine A. Suplee, Union, N.J., for trustee.

Harris, Dickson, Buermann, Camp, Ashenfelter & Boyd by John A. Boyd, Upper Montclair, N.J., for debtor.

OPINION

DANIEL J. MOORE, Bankruptcy Judge.

The Court considers the Trustee's motion for an order directing the debtor to turnover funds held by the debtor in two Individual Retirement Accounts. This motion presents two issues for the Court to determine. The first issue is whether these Individual Retirement Accounts constitute property of the estate under 11 U.S.C. § 541(a) or excluded by 11 U.S.C. § 541(c)(2). Upon a finding by this Court that these Individual Retirement Accounts are property of the estate, the Court must determine whether these accounts are exempt by 11 U.S.C. § 522(d)(10)(E). This Court finds the I.R.A.'s in question to constitute property of the estate and non-exempt property.

The Debtor, Daniel J. Heisey, filed a voluntary petition with this Court pursuant to 11 U.S.C. § 301 seeking relief under Chapter 7 on May 15, 1986. A discharge was granted on April 2, 1987.

Thereafter, on April 19, 1987 the trustee filed the present motion. The debtor, through counsel Mr. Boyd, responded by

letter brief on November 16, 1987, requesting this Court to dismiss the trustee's motion based upon the trustee's failure to serve the motion in accordance with the local bankruptcy rules and further requested that the motion be determined on the papers.

On the return date, November 16, 1987, the Court informed the trustee of Mr. Boyd's objection since Mr. Boyd did not appear. Rather than dismiss the trustee's motion and have the trustee refile the motion, the Court adjourned the motion to December 7, 1987. By letter dated November 20, 1987, the Court informed Mr. Boyd of the adjourned date and the necessity of his appearance based upon the Court's desire to have oral argument.

On the return date, the Court heard oral argument of both counsel and reserved decision. Each party was given, and took, the opportunity to file briefs on the issue presented. Based upon the record before the Court, this Court makes the following Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

As of the date of filing the petition the debtor was 49 years old. His monthly income and expenditures as reflected in his SCHEDULE B–4

schedule attached to the petition was $3,000.00 and $2,825.00, respectively. The debtor also listed two dependents, Joan R. Heisey and Jonathan B. Heisey, children of a former marriage.

Also attached to the petition was Schedule B which listed the debtor's property. Of importance to this opinion are schedules B–3 and B–4. Schedule B–3 lists property not otherwise scheduled. The debtor in schedule B–3 states:

IRA with Fidelity Investments, Inc. (Fidelity Cash Reserves) The asset is not includable in the estate of the debtor by reason of Section 541(c)(2), of the Bankruptcy Code, and accordingly is reported for information purposes only.    $14,184.63

IRA with Southeast Bank for Savings The asset is not includable in the estate of the debtor by reason of Section 541(c)(2) of the Bankruptcy Code and accordingly is reported here for information purposes only.    $ 2,573.63

In addition, the debtor in Schedule B–4 claims these I.R.A.'s as exempt property. Schedule B–4 states:

|   |   |   |   |   |
|---|---|---|---|---|
| 1. | Cash on hand | 63 Hill St. Apt. 2E Morristown, NJ | * Sec. 522(d)(5) | 105.00 |
| 2. | Household goods, supplies and furnishings | Personal | Sec. 522(d)(3) | 2,500.00 |
| 3. | Books, pictures and collections | Personal | Sec. 522(d)(3) | 400.00 |
| 4. | Wearing apparel, firearms, sports | Personal | Sec. 522(d)(3) | 850.00 |
| 5. | Jewelry | Personal | Sec. 522(d)(4) | 250.00 |
| 6. | Motor vehicle | 1977 Honda Motorcycle & trailer | Sec. 522(d)(2) | 550.00 |
| 7. | Professional Books | Business | Sec. 522(d)(6) | 650.00 |
| 8. | Aetna Life Insurance Policy | | Sec. 522(d)(7), (8) | 2,037.21 |
| 9. | IRA with Fidelity Investments, Inc. (Fidelity Cash Reserves) | P.O. Box 2656 Boston, MA | Sec. 522(d)(9)(E) and Sec. 522(d)(5) | 14,184.63 |
| 10. | IRA with Southeast Bank for Savings | 140 Washington St. Dover, NH | Sec. 522(d)(9)(E) and Sec. 522(d)(5) | 2,573.63 |
| 11. | 1979 Honda Civic Wagon | 63 Hill St. Apt. 2E Morristown, NJ | Sec. 522(d)(5) | 1,350.00 |
| | | | | $25,450.47 |

* All references are to the Bankruptcy Code, 11 U.S.C. Sec. 101 *et seq.*

Although the debtor originally claimed an exemption for the I.R.A.'s under § 522(d)(9)(E) on Schedule B–4, the debtor has amended this petition, claiming his exemption is pursuant to § 522(d)(10)(E).

The trustee claims these I.R.A.'s constitute property of the bankruptcy estate pursuant to 11 U.S.C. 541(a) and not excluded under § 541(c)(2). Furthermore, the trustee claims that the I.R.A.'s are not subject to exemption under 11 U.S.C. § 522(d)(10)(E). Rather, the I.R.A.'s are subject to exemption under § 522(d)(5) which grants the debtor an exemption in any property up to $400.00 plus any of the debtor's unused exemption pursuant to § 522(d)(1) for real or personal property up to $3,750.00. The trustee has calculated the exemption to the case at bar as follows:

$3,750.00 attributable to an allowable exemption under Section 522(d)(5) for a non-homeowner plus an additional $400.00 miscellaneous exemption attributable to an allowable exemption under Section 522(d)(5) for a total of $4,150.00; this total is offset by an exemption claim under Section 522(d)(5) for $105.00 cash on hand and an exemption claim under Section 522(d)(5) for $1,350.00 … 1979 Honda Civic Wagon leaving a balance of $2,695.00 as an allowable exemption for the IRAs.

Trustee's brief, Statement of Facts.

Section 541 of the Bankruptcy Code defines what property constitutes property of the Bankruptcy estate. Section 541(a) of Title 11 states:

The commencement of a case under section 301, 302 and 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. . . .

11 U.S.C. § 541(a).

The debtor contends that his interest in the IRA plans are excluded from his estate pursuant to § 541(c)(2) of the Bankruptcy Code. Section 541(c)(2) states:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

The debtor maintains that the IRA agreements are trusts and contain ERISA-required anti-alienation and anti-attachment provisions. In addition, a 10% non-deductible penalty tax for withdrawals made prior to attaining the age of 59½ years of age exists in both I.R.A. accounts. Finally, the debtor contends that N.J.S.A. 2A:17–50 exempts from levy by judgment creditors the first $48.00 of any wage, debts, earnings, salary, *income from trust funds* or profits. [Emphasis added by debtor in Debtor's Brief in Opposition to Trustee, Pg. 8]. The debtor relies upon Judge Stark's Opinion in *In re Mosley,* 42 B.R. 181, 11 C.B.C.2d 85 (Bkrtcy.N.J.1984).

In *Mosley,* Judge Stark examined three ERISA qualified plans in which the debtor had a vested interest. Under the plans the debtor did not have a present ability to receive a distribution of his interests unless he terminated employment. *Id.* 42 B.R. 181, 11 C.B.C.2d at 88. The central issue, as in the case at bar, was whether the plans were excluded from the debtor's estate pursuant to 11 U.S.C. § 541(c)(2). Namely, whether "applicable nonbankruptcy law" included ERISA. Judge Stark concluded that "applicable nonbankruptcy law" referred to all law that might normally apply outside of bankruptcy proceedings, including ERISA.

However, as Judge Stark pointed out, the antialienation provision of ERISA does not create a per se federal exemption for every ERISA qualified pension. Judge Stark stated:

Numerous federal and state courts have found in various situations that ERISA-qualified plans are not exempt from the claims of creditors. E.g. *Ward v. Ward,*

164 N.J.Super 354 [396 A.2d 365] (Ch. Div.1978) (not exempt from spouse's support claim); cf. *In re Graham*, 726 F.2d 1268 [10 C.B.C.2d 111] (8th Cir.1984) (benefits not exempt in bankruptcy); *In re Clark*, 711 F.2d 21 [8 C.B.C.2d 1133] (2[sic]3d Cir.1983) (Keogh plan benefits not exempt under section 522(d)(10)(3) of Bankruptcy Code.

*Mosley*, 42 B.R. 181, 11 C.B.C.2d 96, 97.

■ The present case is an example when ERISA antialienation provisions do not create a restriction on the transfer of the debtor's interest in trust. In the case at bar, the debtor on the date of the petition was entitled to withdraw his entire IRA deposit. The only consequence of such withdrawal was the imposition of a penalty tax to be included in the debtor's gross income for the taxable year of 10% of the amount withdrawn. 26 U.S.C. § 408(f)(1). Therefore, this Court concludes that the IRA's constitute property of the debtor's estate based upon the debtor's ability to withdraw the funds contained therein on the date the petition was filed.

With regards to the debtor's contention that the funds in the IRA accounts are subject to N.J.S.A. 2A:17:50, which exempts from levy by judgment creditors, this Court finds it is without merit. The basis for this argument is found in *In re Mosley*, 42 B.R. 181, 11 C.B.C.2d 85, and calls for this Court to determine that the IRA's in question are "spendthrift trusts." This Court, as Judge Stark found, finds IRA's do not qualify as spendthrift trusts. *Mosley*, 2 B.R. 181, 11 C.B.C.2d at 97.

■ Having determined that the IRA's do constitute property of the estate, the Court must determine if or to what extent the IRA's are exempt pursuant to § 522 of Title 11. Section 522(d)(10)(E) provides for an exemption of property of the estate for

a payment under a stock bonus, pension profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless— ...

11 U.S.C. § 522(d)(10)(E).

The debtor maintains that "Congress intended the provisions of the section cited above look to the debtor's future needs as well as the debtor's current needs. The Legislative history indicates that Section 522(d)(10) deals with 'benefits that are akin to future earnings of the debtor.' H.R. Rep. 95–595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318." [Debtor's Brief in Opposition to the Trustee's Motion, Pg. 4].

In support of this position the debtor relies upon the case of *In re Miller*, 33 B.R. 549, 9 C.B.C.2d 496 (Bkrtcy.D.Minn. 1983). The Court in *Miller* examined whether a profit sharing plan and a pension plan were exempt pursuant to 11 U.S.C. § 522(d)(10)(E). The Court examined each exemption separately, finding the profit sharing plan to be non-exempt and the pension plan to be exempt.

With regard to the profit sharing plan, the Court found it to be in reality a savings account established on behalf of the debtor by the company. *Miller*, 33 B.R. 549, 9 C.B.C.2d at 499. This was based upon the fact that the debtor had the ability to withdraw the amounts on deposit at any time. Finally, the Court concluded that these funds were not reasonably necessary for the support of the debtor in the future, therefore, the Court denied the debtor's exemptions under § 522(d)(10)(E).

Examining the pension plan in *Miller*, the Court was faced with the issue of "whether the debtor's right to receive payments under his pension plan is reasonably necessary for his support." *Miller*, 33 B.R. 549, 9 C.B.C.2d at 500. The trustee argued that this determination had to be made as of the date of the filing of the petition. *Id.* While the Court agreed with the trustee's contention that the payments under the pension plan were not necessary for the debtor's current support, the Court determined that Congress intended to look to the debtor's future needs as well as the debtor's current needs. *Id.* The Court stated that the legislative history indicates

§ 522(d)(10) deals with "benefits that are akin to future earnings of the debtor." H.R.Rep. 95–595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 6318. *Id.* 33 B.R. 549, 9 C.B.C.2d at 501.

The Third Circuit reached an opposite conclusion from the *Miller* Court and determined that a Keogh retirement plan was not exempt pursuant to 11 U.S.C. § 522(d)(10)(E). *In re Clark,* 711 F.2d 21 (3rd Cir.1983). In *Clark,* the debtor, a 49–year old licensed family therapist claimed his Keogh retirement plan as exempt property. As in the case at bar, contributions to the Keogh plan were tax-deductible and the income tax on the fund was deferred until withdrawn. *Clark,* 711 F.2d at 22. The funds could be withdrawn without penalty when the participant reached 59½, died or was disabled. *Id.* However, if the funds were withdrawn prior to that time, the participant had to pay a penalty tax of 10%. *Id.*

The Bankruptcy Court, Judge Commisa, determined that the Keogh plan was not exempt property pursuant to § 522(d)(10)(E) because Clark had no present right to receive payments from the plan. As Judge Becker (concurring) pointed out, Judge Commisa relied upon the legislative intent of § 522(d)(10)(E). Judge Becker stated:

> ... the bankruptcy court noted, the original model for section 522 exemptions was the Uniform Exemption Act § 6, promulgated by the National Conference of Commissioners on Uniform State Laws. Although the relevant portion of section 6 exempted all "assets held, payments made, and amounts payable ..." under the relevant plans, Congress narrowed the language in section 522(d)(10)(E) to include only "[t]he right to receive payments" under the relevant plans. The bankruptcy court concluded that Congress intended this narrower language to preclude the exemption of assets held under Keogh retirement plans.

*In re Clark,* 711 F.2d at 24.

Therefore, Judge Commisa concluded that Clark's exemption claim did not fall within the literal terms of § 522(d)(10)(E). *Clark,* 711 F.2d at 22.

Judge Gibbons writing for the Court in *Clark* stated:

> The general purpose of the exemption provisions of the Bankruptcy Code is to give debtors a fresh start. As noted in the House Report on H.R. 8200:
>
> > The historical purpose of [ ] exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge. [This] purpose has not changed....
>
> H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977) reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6087. The exemption of present Keogh payments, to the extent they are necessary for the support of the debtor, is consistent with this goal. The exemption of future payments, however, demonstrates a concern for the debtor's long-term security which is absent from the statute.

*In re Clark,* 711 F.2d at 23.

In conclusion, this Court finds the decision of the court of appeals for this Circuit in *Clark* is controlling here. What was written with respect to a Keogh Plan applies equally to an Individual Retirement Account. It follows then that the debtor's individual retirement account is property of the estate pursuant to 11 U.S.C. § 541(a). In addition, this Court finds that the I.R.A.'s are not exempt property pursuant to 11 U.S.C. § 522(d)(10)(E). The debtor is entitled to use the unused portion of his § 522(d)(5) exemption which includes his unused exemption for § 522(d)(1) granting him an exemption of $2,695.00 in the I.R.A.'s.

Submit the appropriate Order within ten (10) days from the date hereof.