**In re David E. LAMB, Debtor.**

**Bankruptcy No. 92–26292.**

United States Bankruptcy Court, D. New Jersey.

Nov. 10, 1994.

---

Stephen P. Kartzman, Wacks, Mullen, Kartzman & Craig, Morris Plains, NJ, for trustee.

Lewis Benjamin Freimark, P.C., Hoboken, NJ, for debtor.

## *OPINION*

ROSEMARY GAMBARDELLA, Bankruptcy Judge.

Before the Court is the Trustee's motion to resolve the Trustee's objection to the claim of exemption to the proceeds of the Debtor's Individual Retirement Account ("IRA") and declaring the IRA to be property of the estate. The Court heard argument on December 13, 1993 and reserved the decision. The following constitutes the Court's findings of fact and conclusions of law.

## *FACTS*

David E. Lamb ("Debtor or "Lamb") filed a voluntary petition under chapter 7 of the Bankruptcy Code on August 4, 1993. In schedule C of the petition, the Debtor claimed the following as exempt property: 1) household goods, furniture, t.v. and stereo pursuant to 11 U.S.C. § 522, $500.00; 2) IRA # 84–33–001105 Statewide Savings Bank, Jersey City, NJ pursuant to N.J.Stat.Ann. § 25:2–1, $30,000.00; 3) 1993 Dodge Caravan pursuant to 11 U.S.C. § 522, $2,000.00; 4) savings and checking account from Statewide Savings Bank pursuant to 11 U.S.C. § 522, $500.00.

On October 8, 1993, the Trustee, Steven P. Kartzman, (hereinafter "Trustee") conducted a meeting of the creditors as required under 11 U.S.C. § 341(a) (hereinafter "the 341(a) meeting"). At the 341(a) meeting, the Trustee learned that the Debtor himself directly established the IRA account for which he claims an exemption.[1] *See* Certification of Steven P. Kartzman, filed November 8, 1993 (hereinafter "Kartzman Cert.") ¶ 4. Thus, the IRA was never part of an employer or government pension plan. Kartzman Cert. ¶ 4. Furthermore, the Trustee asserts that

---

1. The Internal Revenue Service provides for the creation of tax exempt Individual Retirement Accounts, also known as IRAs:

   **§ 408. Individual retirement accounts.**
   **(a) Individual retirement account.** For purposes of this section, the term "individual retirement account" means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements:
   (1) Except in the case of a rollover contribution described in subsection (d)(3) in section 402(c), 403(a)(4), or 403(b)(8), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year in excess of $2,000 on behalf of any individual.
   (2) The trustee is a bank (as defined in subsection (n)), or such other person who dem-

onstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.
   3) No part of the trust funds will be invested in life insurance contracts.
   4) The interest of an individual in the balance in his account is nonforfeitable.
   5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.
   6) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.
   26 U.S.C. § 408(a)

the Debtor has unrestricted access to the funds in the IRA. *See* Kartzman Cert. ¶ 4.

On November 8, 1993, the Trustee filed a motion to resolve the objection to the Debtor's claimed exemption of IRA account # 84–33–001105.[2] The Trustee argues that the IRA account is property of the estate. Furthermore, the Trustee claims that the Debtor may not exempt the IRA under 11 U.S.C. § 522(d)(10)(E) since the funds are not reasonably necessary for the support of the Debtor. In addition, the Trustee notes that if the IRA exemption is not allowed, the potential exists to pay a significant portion, or possibly all, of the unsecured nonpriority claims. Finally, the Trustee maintains that the Debtor may only claim an exemption pursuant to 11 U.S.C. § 522(d)(5) for the IRA, which must be reduced by the amount of $500.00, which the Debtor has already claimed for his savings and checking account.

The Debtor contends that the IRA account is excluded from the Debtor's estate by virtue of N.J.Stat.Ann. § 25:2–1. Alternatively, the Debtor argues that the IRA account is exempt under 11 U.S.C. § 522(d)(10)(E), to the extent it is reasonably necessary to support the Debtor.

### DISCUSSION

### I. The IRA is Property of the Estate

■ The first issue before the Court is whether the Debtor's IRA is property of the estate pursuant to § 541 of the Code. The Trustee has not challenged the validity of the IRA and has made arguments that assume the IRA is a legitimate IRA. *See* Kartzman Cert. ¶¶ 2, 4 & 5. Thus, this Court will treat the funds in question as a valid IRA because there is nothing in the record that suggests that the IRA has not been validly created. *See Orzechowski v. Commissioner,* 69 T.C. 750, 756, 1978 WL 3296 (1978) (stating "the parties assume, and we have no reason to doubt their assumption, that the taxpayers met all the requirements of section 408(a) [of the Internal Code] and validly created an

IRA"), *aff'd,* 592 F.2d 677 (2d Cir.1979); *cf. Michel v. Commissioner,* 58 T.C.M. (CCH) 1019, 1989 WL 154252 (1989) (tax court analyzed whether an IRA was created where the petitioners argued that a valid IRA was never created).

"[A]n IRA is a tax-deferred savings plan authorized by 26 U.S.C. § 408 of the Internal Revenue Code." *In re Atallah,* 95 B.R. 910, 919 (Bankr.E.D.Pa.1989) (citations omitted). As explained by the *Atallah* court,

> Individuals are permitted to deduct IRA contributions from their taxable income. Funds placed in an IRA pursuant to 26 U.S.C. § 219 are taxed as ordinary income at the time of distribution 26 U.S.C. § 408(d). [footnote omitted] Favorable tax treatment was accorded to IRAs in order to encourage retirement savings.

*Atallah,* 95 B.R. at 919 (citations omitted).

In determining whether the Debtor's IRA is property of the estate, the Court must turn to section 541 of the Code. The commencement of a case through the filing of a voluntary petition creates a bankruptcy estate, which generally consists of "all legal or equitable interests of the debtor in property as of the commencement of the case", 11 U.S.C. § 541(a)(1). The Code, however, expressly excludes from the Debtor's estate interests in trusts that bear restrictions on transfer under applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2). Section 541(c) provides in pertinent part:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in the property becomes property of the estate ...
>
> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

When first confronted with § 541(c)(2), many courts narrowly interpreted this section to apply solely to state spendthrift trust law. *See, e.g., In re Daniel,* 771 F.2d 1352, 1360 (9th Cir.1985) *cert. denied,* 475 U.S.

---

2. The Trustee asserts that he filed an objection to the Debtor's exemptions on October 11, 1993. There is no record, however, of such an objection in the file or on the docket. The motion to resolve the Trustee's objection was filed on November 8, 1993. The objection was made within 30 days after the conclusion of the 341(a) meeting as required by Fed.Rule Bankr.Proc. 4003(b).

1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985); *In re Graham,* 726 F.2d 1268, 1273 (8th Cir.1984); *In re Goff,* 706 F.2d 574, 580 (5th Cir.1983).

The United States Court of Appeals for the Third Circuit, however, in *Velis v. Kardanis,* 949 F.2d 78 (3d Cir.1991), interpreted this provision of the Code more broadly. The Third Circuit found that although "Congress intended to preserve the protections afforded by state spendthrift trust laws, the legislative history plainly does not establish that that was the only purpose intended to be accomplished by § 541(c)(2)." *Velis,* 949 F.2d at 82. Thus, the *Velis* court determined that "federal, as well as state law, may be the source of restrictions [that] must be recognized in bankruptcy under § 541(c)(2)." *Id.* The court instructed that the relevant inquiry is "what restrictions are *enforceable*" with respect to the interest at issue. *Id.* (emphasis in original).

Subsequently, the United States Supreme Court also determined that "a natural reading of" § 541(c)(2) included both federal and state law. *Patterson v. Shumate,* 504 U.S. 753, 757–60, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992). The Court noted that "[p]lainly read, the provision encompasses any relevant nonbankruptcy law, including federal law ..." *Id.* In *Shumate,* the Court concluded that the anti-alienation provision of an Employee Retirement Income Security Act ("ERISA") pension plan constitutes an enforceable transfer restriction pursuant to § 541(c)(2), and thus, would not be part of the Debtor's estate. *Shumate,* 504 U.S. at 758–62, 112 S.Ct. at 2247–48; *see also In re Reuter,* 11 F.3d 850, 852 (9th Cir.1993). The Court explained that the ERISA qualified plan need only have an anti-alienation provision that meets the literal terms of § 541(c)(2). *Shumate,* 504 U.S. at 760–62, 112 S.Ct. at 2248.

Furthermore, the *Shumate* Court provided that if a pension plan or other trust does not have the appropriate anti-alienation language, they will be considered property of the estate. *Shumate,* 504 U.S. at 762–64, 112 S.Ct. at 2249. The Court stated that "pension plans that qualify for preferential tax treatment under 26 U.S.C. § 408 (individual retirement accounts) are specifically excepted from ERISA's anti-alienation requirement" and therefore, they could not be excluded from the estate under § 541(c)(2). *Id.* (citing 29 U.S.C. § 1051(6)).

Before *Shumate,* the bankruptcy court, in *In re Heisey,* 88 B.R. 47, 50 (Bankr.D.N.J. 1988), also had found that the debtor's IRA account was not excluded from the estate since the debtor maintained the ability to withdraw funds from the account on the date the petition was filed. Furthermore, the court concluded that IRAs did not qualify as spendthrift trusts. *Id.*

Similarly, the court in *Velis* also determined that an IRA was part of the debtor's estate because the debtor had the ability to obtain the funds from the IRA and the IRA did not include the anti-alienation/assignment provision required for ERISA plans pursuant to 29 U.S.C. § 1051(6). *Velis,* 949 F.2d at 82. The court noted that the debtor was 63 years old when he filed his bankruptcy petition and therefore "he could withdraw the funds from his IRA without penalty, at any time." *Id.*

■ In the instant case, the record indicates that the Debtor has unrestricted access to the funds in the account. *See* Lamb Cert. at ¶ 5 (stating "I was tempted on many occasions, to invade the account, but I never did, since keeping it intact for my parents or my own senior citizen years, seemed the correct thing to do"). Moreover, the Court notes that the Debtor's IRA account does not contain any anti-alienation clause that would place it within the confines of § 541(c)(2). Thus, based on the record before it, the Court concludes that the IRA is property of the estate under § 541(a)(1).

## II. The Debtor is entitled to Exempt the IRA

■ The Bankruptcy Code permits a debtor to exempt certain property from the estate, notwithstanding the fact that the property is technically included in the estate pursuant to § 541(a). *See* 11 U.S.C. § 522(b). The Third Circuit noted that "[t]he historical purpose of ... exemption laws has been to protect a debtor from his creditors, to pro-

vide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge." *In re Clark,* 711 F.2d 21, 23 (3d Cir.1983) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5963, 6087). Thus, the underlying goal of the exemption provisions is to allow the debtor "a fresh start." *Id.*

Under § 522(b), the debtor must choose the statutory source of its exemptions. Section 522(b) provides:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
>
> > (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize, or in the alternative,
> >
> > (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
> >
> > (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

■ This section clearly requires the debtor to choose between subparagraphs (b)(1) and (b)(2) of Section 522, not to choose both or some of both. Thus, the debtor may exempt property under § 522(d), so long as the resident state has not opted out. In the alternative, the debtor may choose to exempt any property that is exempt under federal law other than § 522(d). Finally, the debtor

may exempt property under the applicable state law, including any rights to exempt joint tenancies or tenancies by the entireties.

■ In the instant case, the Debtor listed exemptions under state law as well as the Bankruptcy Code. *See* Debtor's Petition schedule C—Property Claimed As Exempt. Specifically, the Debtor listed the IRA, valued at $30,000, as exempt pursuant to the newly enacted amendment to N.J.Stat.Ann. § 25:2–1. *Id.* For the remainder of his exemptions, which amounted to approximately $3000, the Debtor cited "§ 522" as the legal support for the exemption. *Id.* The Debtor's exemption list presents the Court with the question of determining whether the Debtor elected the exemption route of § 522(b)(1) or (b)(2).

The court in *In re Werner,* 31 B.R. 418 (Bankr.D.Minn.1983), was faced with a similar situation. In *Werner,* the court was presented with objections to the debtor's claim that his Teacher Retirement Association ("TRA") fund was exempt under federal law. In analyzing the TRA fund under federal exemption laws, the court disagreed with the debtor that the TRA fund was covered by the federal exemptions described in §§ 522(d)(10)(E) or 522(d)(10)(A). *Id.* at 421–23. The *Werner* court noted, however, that "[h]ad the [d]ebtor elected to exempt under the State exemptions, the Teacher's Retirement Fund would have qualified as exempt status pursuant to" a Minnesota statute regarding retirement funds. *Id.* at 423. The court explained that "the Debtor elected the federal exemptions with the intent of keeping [the TRA account and cash] from the creditors ... [and] ... in effect, ... has attempted to avail himself of both the state and federal exemption systems at the same time." *Id.*

Similar to the case at bar, the debtor in *Werner,* as described by the *Werner* court, was attempting to take a "double dip" by using both the state and federal exemptions. *See id.* The *Werner* court resolved the issue by stating:

> Courts of Bankruptcy/Bankruptcy Courts are, and have always been, courts of equity. Equity regards that as being

done what ought to have been done. Use of the provisions of the Bankruptcy Code presupposes good faith application. Here it is obvious that the [d]ebtor by an ingenious application of the provision of the Bankruptcy Code is attempting to thwart the intent and judgment of the District Court of the State of Minnesota. Clearly, Congress never intended such a result as would prevail here if the [d]ebtor had his way.

Since [the debtor] has not made an election of one exemption system, the [c]ourt will make it for him keeping in mind that each debtor is entitled to the best set of exemptions to provide the debtor with a fresh start. Consequently, this [c]ourt will select the state exemption for the [d]ebtor.

*Id.* As a result, the *Werner* court selected the state exemption for the Debtor. Along with exempting the debtor's TRA fund, the debtor's selection of certain federal exemptions had to be changed to conform to state exemption laws.

In the instant case, the Court is faced with a similar scenario because the Debtor has selected exemptions under federal and state law. The case at bar differs, however, because the Debtor has listed his IRA as exempt under state law. Nevertheless, the final determination of which exemptions will be applied to the Debtor will turn on what exemptions are best for the Debtor.

### III. Evaluating The IRA's Exemption Status

In the Debtor's motion in support of exemption, he first argues that the IRA is exempt under New Jersey law. In the alternative, he claims that the IRA is exempt under § 522(d)(10)(E). Because the IRA is the Debtor's most valuable asset, if it is deemed exempt under state law and not exempt under federal law, then it is clearly in the Debtor's best interests to apply the state exemptions.

#### a. Debtor's IRA Is Exempt Under New Jersey Law

In New Jersey, "all property of a judgment debtor is subject to levy to satisfy a judgment" unless expressly exempted by federal or state statute. *Halliburton Co. v. Mor,* 231 N.J.Super. 197, 199, 555 A.2d 55 (Law Div.1988). Section 2A:17–19 of the New Jersey Statutes Annotated outlines the personal property that a judgment debtor is entitled to exempt. This section provides, in pertinent part:

#### 2A:17–19. Amount; exceptions

Goods and chattels, shares of stock or interests in any corporation and personal property of every kind, not exceeding in value, exclusive of wearing apparel, $1,000.00, and all wearing apparel, the property of a debtor shall be reserved, both before and after his death, for his use or that of his family or estate, and shall not be liable to be seized or taken by virtue of any execution or civil process whatever, issued out of any court of this State ...

N.J.Stat.Ann. § 2A:17–19

In addition to these personal property exemptions, New Jersey permits exemptions from judgment for certain governmental pensions expressly specified in state or federal legislation. *See, e.g.,* N.J.Stat.Ann. § 43:7–13 (state prison officer pensions); N.J.Stat.Ann. § 43:10–18.22, 18.71 (county pension funds); N.J.Stat.Ann. § 43:10–57 (probation officers pensions); N.J.Stat.Ann. § 43:13–9 (city pension fund); N.J.Stat.Ann. § 43:18–12 (city board of health pension fund); N.J.Stat.Ann. § 43:19–17 (street and water department employees pensions); and N.J.Stat.Ann. § 53:5A–45 (state police pensions).

Recently, in July, 1993, the legislature enacted the following statute, referring to further exemptions under New Jersey law:

*Be it enacted by the Senate and General Assembly of the State of New Jersey:*

1. R.S. 25:2–1 is amended to read as follows:

25:2–1. Conveyances of personal property in trust for use of persons making them void as to creditors. a. Except as provided in subsection b. of this section, every deed of gift and every conveyance, transfer and assignment of goods, chattels or things in action, made in trust for the use of the person making the same, shall be void as against creditors.

b. Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from an estate in bankruptcy, except that:

1) no exemption shall be allowed for any preferences for fraudulent conveyances made in violation of the "Uniform Fraudulent Transfer Act," R.S. 25:2–20 et seq., or any other State or federal law; and

2) no qualifying trust shall be exempt from the claims under any order for child support or spousal support or of an alternate payee under a qualified domestic relations order. However, the interest of any alternate payee under a qualified domestic relations order is exempt from all claims of any creditor of the alternate payee. As used in this paragraph, the terms "alternate payee" and "qualified domestic relations order" have the meanings ascribed to them in section 414(p) of the federal Internal Revenue Code of 1986 (26 U.S.C. § 414(p)).

For purposes of this section, a "qualifying trust" means a trust created or qualified and maintained pursuant to federal law, including, but not limited to, section 401, 403, 408 or section 409 of the federal Internal Revenue Code of 1986 (26 U.S.C. § 401, 403, 408 or 409).

2. This act shall take effect immediately. 1993 N.J. Laws 177 (Public Law 1992, Chapter 177 effective July, 9, 1993).

It is this newly enacted amendment to N.J.Stat.Ann. § 25:2–1 that the Debtor argues applies in his case to exempt the IRA.

In determining whether this amended statute provides an exemption of IRA accounts, the Court begins with an analysis of the plain language of the statute. The language expressly and unambiguously states that any property held in a qualifying trust shall be exempt from claims of creditors. Moreover, the statute defines a qualifying trust to include a trust created under 26 U.S.C. § 401, 403, 408 or 409. Thus, under a plain reading of the amended statute, an IRA created under the specific provisions of the Internal Revenue Code would be entitled to exemption so long as it was not a preference, fraudulent conveyance or subject to a support order.

In addition, the legislative statements issued at the time of adoption of the amendments to the statute support the interpretation that a qualifying trust, such as an IRA, is exempt from the claims of creditors. The New Jersey Assembly Financial Institutions Committee (hereinafter "Assembly Committee") adopted the amendments to N.J.Stat. Ann. § 25:2–1 on September 14, 1992. On that same date, the Assembly Committee issued the following statement:

The Assembly Financial Institutions Committee reports favorably the Assembly Committee Substitute for Assembly, Nos. 288 and 1467.

This bill would assure that funds held in a qualifying trust and distributions from those funds, would be exempt from all claims of creditors and would be excluded from an estate in bankruptcy except that there would be no exemption for any preferences or fraudulent conveyances made in violation of the "Uniform Fraudulent Transfer Act," R.S. 25:2–20 et seq. or from the claims under any order for child support or spousal support or of an alternate payee under a qualified domestic relations order.

Assembly Financial Institutions Committee Statement to Assembly Committee Substitute for Assembly, Nos. 288 and 1462, dated September 14, 1992.

The Senate Commerce Committee not only issued a similar statement after it adopted the amended statute, but it also specifically noted that qualifying trusts include individual retirement accounts:

The Senate Commerce Committee reports favorably Assembly Bill Nos. 288 and 1462 (ACS).

This bill exempts funds held in a qualifying trust and distributions therefrom from all claims of creditors, including excluding them from an estate in bankruptcy, except that there would be no exemption or exclusion for any preferences or fraudulent conveyances made in violation of the "Uniform

Fraudulent Transfer Act," R.S. 25:2–20 et seq. or from the claims under any order for child support or spousal support or of an alternate payee under a qualified domestic relations order.

Qualifying trusts under the bill are individual retirement savings such as individual retirement accounts, simplified employee pensions, Keogh plans and employee stock ownership plans.

Senate Commerce Committee Statement to Assembly Committee Substitute for Assembly, Nos. 288 and 1462, dated March 18, 1993.

■ The legislative comments to the amended statute indicate that the New Jersey state legislature intended to exempt individual retirement accounts from the claims of creditors. If a debtor in bankruptcy chooses to proceed under 11 U.S.C. § 522(b)(2) and claim the exemptions available under New Jersey state law, then an IRA account is among the exemptions available to the debtor.[3]

■ Moreover, the New Jersey statute exempts the entire qualifying trust and any distributions from that trust. The only limitations on this exemption are if the trust is a preference or fraudulent conveyance, if it violates any federal or state law or if it is subject to a support obligation. There are no requirements, under N.J.Stat.Ann. § 25:2–1, that the IRA originate as a rollover from an ERISA pension plan or that the IRA be reasonably necessary to the support of the debtor.[4]

This Court concludes that N.J.Stat.Ann. § 25:2–1 provides for the exemption of pension plans including IRA accounts created under 26 U.S.C. § 408. Moreover, the Court finds that N.J.Stat.Ann. § 25:2–1 permits the Debtor, in the instant case, to exempt IRA # 84–33–001105.

The Court notes that New Jersey is not the first state to permit a debtor to exempt IRAs. For example, the bankruptcy court in *In re Galvin*, 121 B.R. 79, 80 (Bankr.D.Kan. 1990) held that a debtor's IRA account was exempt according to Kan.Stat.Ann. § 60–2308(b). Although Kansas exercised its option to deny residents the federal exemptions under 11 U.S.C. § 522(d), the state statute provided:

(b) Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408 or 409 of the federal internal revenue code of 1954, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant. Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state....

Kan.Stat.Ann. § 60–2308(b).

In addition, other states also have permitted the exemption of an IRA. *See, e.g.,* La.Rev. Stat.Ann. § 20:33 (all IRAs exempt except as to liability for alimony and child support); Neb.Rev.Stat. § 25–1563.01 (IRA exempt to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.).

In the instant case, the Trustee argues that N.Y.Civ.Prac. L. & R. 5205(c) is similar to N.J.Stat.Ann. § 25:2–1. The New York statute provides for an exemption of trusts that have been created by or held by someone other than the judgment debtor. N.Y.Civ.Prac.L. & R. 5205(c)(1). The statute defines the qualifying trusts as follows:

2. ... all trusts, custodial accounts, annuities, insurance contracts, monies assets or interests established as part of, and all

---

3. The Court notes the language in N.J.Stat.Ann. § 25:2–1 stating that qualifying trusts "shall be excluded from an estate in bankruptcy". That language does *not* refer to the exclusion from the debtor's estate provided in 11 U.S.C. § 541(c)(2). Under the Bankruptcy Code, as noted in this Opinion above, an IRA such as the one in the instant case is properly included in the estate. Then, if the Debtor chooses to claim the New Jersey state law exemptions pursuant to 11 U.S.C. § 522(b)(2), the IRA would be exempt

under N.J.Stat.Ann. § 25:2–1. Essentially, the first step is determining what is property of the estate and next, which of that property is exemptible.

4. 11 U.S.C. § 522(d)(10)(E) requires that the IRA be reasonably necessary for the support of the debtor and any dependent of the debtor in order to qualify as an exemption.

payments from, either a Keogh (HR–10), retirement or other plan established by a corporation which is qualified under section 401 [of the IRS Code], or created as a result of rollovers form such plans pursuant to sections 402(a)(5), 403(a)(4) or 408(d)(3) of [the IRS Code], shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor ...

3. All trusts ... described in paragraph two of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes ...

N.Y.Civ.Prac. L. & R. 5205(c)(2) and (3). The Trustee argues that this statute only allows exemptions for IRA accounts that contain rollover funds from ERISA qualified pensions. In support of this, the Trustee cites to several decisions from the bankruptcy courts in New York. *See, e.g., In re Nudo,* 147 B.R. 68 (Bankr.N.D.N.Y.1992); *In re Mann,* 134 B.R. 710 (Bankr.E.D.N.Y. 1991); *In re Iacono,* 120 B.R. 691 (Bankr. E.D.N.Y.1990); *see also In re Kramer,* 128 B.R. 707 (Bankr.E.D.N.Y.1991). This Court does not dispute that the New York statute exempts ERISA rollover accounts and other spendthrift trusts.

The New York statute, however, differs considerably from N.J.Stat.Ann. § 25:2–1, the New Jersey statute at issue in the instant case. Most significantly, § 25:2–1 provides a broader definition of the type of trust that may be exempted. Although certain limitations are imposed, § 25:2–1 does not require that an IRA account consist of rollover funds from an ERISA pension plan. Instead, the statute expressly exempts all qualifying trusts that are created and maintained pursuant to federal law, which includes, but is not limited to 26 U.S.C. § 408. Therefore, the Court rejects the Trustee's argument that this Court should approach the instant case in the same manner that New York courts have addressed IRA exemptions.

*b.  It Has Not Been Established That The Debtor's IRA Is Exempt Under Federal Law*

The Debtor alternatively argued that his IRA is exempt under section 522(d)(10)(E) of the Code. Because the Court is evaluating which exemption scheme would give the Debtor the best opportunity of a "fresh start," it is necessary to inquire whether the Debtor has established that his IRA is exempt under federal law.

Section 522(d)(10)(E) provides in pertinent part:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, *to the extent reasonably necessary for the support of the debtor and any dependent of the debtor,* unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409) [26 USC §.401(a), 403(a), (b), 408, or 409].

11 U.S.C. § 522(d)(10)(E) (emphasis added). The determination of what is "reasonably necessary" for the support of a debtor is necessarily fact sensitive. *See Matter of Kochell,* 732 F.2d 564, 566 (7th Cir.1984) (stating "Section 6 of the Uniform Exemptions Act defined the phrase 'property to the extent reasonably necessary for the support of [the debtor] and his dependents' as property required to meet the present and anticipated needs of the individual and his dependents as determined ... after consideration of the individual's responsibilities and all of the present and anticipated property and income of the individual, including that which is exempt").

In the instant case, the Debtor has argued that the funds are "reasonably necessary" for his support because of his limited earning potential in his chosen field as a choir leader and the age of his elderly parents. Lamb Cert. at ¶ 9. *See also* Certification of Dorothy M. Lamb, (Debtor's mother), at ¶¶ 6–7. Simply, these factors alone do not clearly establish that his IRA is exempt pursuant to section 522(d)(10)(E). Further, in light of the Debtor listing the IRA as exempt under New Jersey law and this Court's determination that the IRA is exempt under N.J.Stat.Ann. § 25:2–1, this Court recognizes that the Debtor does not need to depend on federal law for exempting his IRA to gain his best opportunity at a "fresh start."

## IV. State Law Exemptions Shall Be Applied

As noted earlier, the Debtor's IRA is exempt under N.J.Stat.Ann. § 25:2–1. Because the Debtor may only choose one set of exemptions and the Debtor's IRA is his most valuable asset, this Court will select the state exemptions for the Debtor. As a result, the Debtor's IRA is exempt under N.J.Stat.Ann. § 25:2–1 and the other exemptions listed in schedule C must conform to New Jersey's exemptions.

### *CONCLUSION*

The Court finds that the Debtor's interest in IRA # 84–33–001105 is property of the estate pursuant to 11 U.S.C. § 541(a). Furthermore, the Court finds that the state law exemptions shall be applied to the Debtor, and pursuant to N.J.Stat.Ann. § 25:2–1, the Debtor's IRA is exempt.

An order shall be submitted in accordance with this Opinion.