**In re William J. VAN NOSTRAND, Debtor.**

**Bankruptcy No. 94–36102.**

United States Bankruptcy Court, D. New Jersey.

June 15, 1995.

Peter J. Broege, Broege, Neumann & Fischer, Manasquan, NJ, for debtor.

Michael L. Detzky, Freehold, NJ, for the Trustee.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### INTRODUCTION

Before the court is the trustee's motion objecting to the claim of exclusion, or in the alternative, exemption of the proceeds of the debtor's Individual Retirement Account ("IRA") and declaring the IRA to be property of the estate. The court heard argument on March 20, 1995 and reserved decision.

This court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (E).

The following constitutes the court's findings of fact and conclusions of law.

### FACTS

Debtor filed a petition under Chapter 7 of the Bankruptcy Code on September 23, 1994. In the petition, debtor listed an interest in an IRA currently worth $10,000.00 as an item of personal property. *See* Debtor's Petition, Schedule B, paragraph 11. Below the IRA entry on the schedule, however, debtor asserted an exclusion and noted that the IRA was "not property of the estate pursuant to N.J.S.A. 25:2–1(b)." *Id.* In Schedule C the debtor elected the federal exemptions pursuant to 11 U.S.C. § 522. The IRA was not claimed as exempt in Schedule C. The trustee filed a timely objection to the claim.

Debtor argues that the IRA is excluded from the estate by operation of a New Jersey statute, N.J.S.A. § 25:2–1(b). In the alternative, upon a finding by the court that N.J.S.A. § 25:2–1(b) is an exemption statute, debtor seeks leave to change its election under 11 U.S.C. § 522 to select the New Jersey state exemptions instead of the federal exemptions. The trustee responds that N.J.S.A. § 25:2–1(b) does not operate to exclude the IRA from the estate and that the IRA is property of the estate pursuant to 11 U.S.C. § 541. The trustee further asserts that having made the election of the federal exemption, the debtor may not change at this late date.

### DISCUSSION

*Property of the Estate*

Pursuant to the Bankruptcy Code, the debtor's estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Neither party disputes that the IRA in this case is within the broad scope of § 541(a). There are, however, limited exclusions from the Code's broad definition of estate property as set forth in 11 U.S.C. § 541(b) or § 541(c)(2). Of these two sections, only § 541(c)(2) is applicable to an IRA. Code § 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

According to the Supreme Court in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the phrase "applicable nonbankruptcy law" in Code § 541(c)(2) "encompasses any relevant nonbankruptcy law, including federal law such as" the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at 759, 112 S.Ct. at 2247, 119 L.Ed.2d at 527; *see also Velis v. Kardanis*, 949 F.2d 78 (3rd Cir.1991), *rev'g in part and aff'g in part* 123 B.R. 497 (D.N.J.

1991).[1] The trustee argues that the state law applicable to IRAs in New Jersey is N.J.S.A. § 3B:11–1 and that this section of the statute does not exclude an IRA from the estate. Additionally, the trustee asserts that an IRA is not an ERISA qualified plan. The debtor responds that N.J.S.A. § 25:2–1(b) is the applicable nonbankruptcy law and that this section does exclude an IRA from the estate. The court will address each of these arguments below.

### N.J.S.A. § 3B:11–1

N.J.S.A. § 3B:11–1 provides that self-settled trusts, such as IRAs, are freely alienable. This section provides:

> The right of any creator of a trust to receive either the income or the principal of the trust or any part of either thereof, presently or in the future, shall be freely alienable and shall be subject to the claims of his creditors, notwithstanding any provision to the contrary in the terms of the trust.

N.J.S.A. 3B:11–1. The legislative mandate in favor of allowing creditors access to self-settled spendthrift trusts has been upheld by the Appellate Division of the Superior Court of New Jersey and the U.S. District Court of New Jersey. In *Aronsohn & Springstead v. Weissman*, 230 N.J.Super. 63, 552 A.2d 649 (N.J.Super.Ct.App.Div.), *certif. denied*, 117 N.J. 36, 563 A.2d 808 (1989), the court reasoned "that there is strong policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors." *Id.* at 68, 552 A.2d 649. The *Aronsohn* opinion was then followed by the District Court in *In re Velis.* 123 B.R. 497 (D.N.J.), *rev'd in part and aff'd in part in* 949 F.2d 78 (3rd Cir.1991). Thus, N.J.S.A. § 3B:11–1 does not provide a restraint on alienation which would exclude the IRA from the estate pursuant to 11 U.S.C. § 541(c)(2).

### ERISA

The trustee argues that the only non-bankruptcy law applicable to § 541(c)(2) is N.J.S.A. 3B:11–1. The Supreme Court's

holding in *Patterson v. Shumate* makes clear that this is not so. The bankruptcy court must also analyze both the ERISA statute and the savings plan in question to determine whether there is an enforceable restriction on the transfer of the funds in the plan. *Patterson,* 504 U.S. 753, 758–59, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 527–28. The restriction on transfer of benefits of ERISA qualified plans is found in 29 U.S.C. § 1056(d)(1). This section provides that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). This restraint on alienation provision, if applicable to IRAs, would constitute an enforceable transfer restriction pursuant to § 541(c)(2). *Patterson,* 504 U.S. at 759–60, 112 S.Ct. at 2247–48, 119 L.Ed.2d at 528. The ERISA restraint, however, is not applicable to an IRA. The Participation and Vesting section of ERISA, 29 U.S.C. § 1051, describes the types of employee benefit plans that are covered by ERISA. This section provides in relevant part that §§ 1051–1061 do not apply to "an individual retirement account or annuity described in section 408 of the Internal Revenue Code." 29 U.S.C. § 1051(6). There is no dispute that the IRA in this case was created pursuant to § 408 of the Internal Revenue Code ("IRC"). ERISA, therefore, does not provide the restraint on alienation necessary to exclude an IRA from the estate pursuant to § 541(c)(2). *See In re Heisey,* 88 B.R. 47 (Bankr.D.N.J. 1988).

### N.J.S.A. § 25:2–1(b)

The debtor, on the other hand, argues that N.J.S.A. § 25:2–1(b) provides the necessary restraint on alienation. This New Jersey statute provides in relevant part:

> Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from an estate in bankruptcy.... For purposes of this section, a "qualifying trust" means a trust created or qualified and maintained

---

1. The district court had held that § 541(c)(2) applicable non-bankruptcy law includes only

state spendthrift trust law. The Third Circuit then reversed the district court on that issue.

pursuant to federal law, including, but not limited to, section 401, 403, 408 or section 409 of the federal Internal Revenue Code of 1986 (26 U.S.C. § 401, 403, 408 or 409). N.J.S.A. § 25:2–1(b). As the IRA in question was created pursuant to § 408 of the IRC, it is a qualifying trust under § 25:2–1(b). Debtor argues that N.J.S.A. § 25:2–1(b) restricts him from transferring his beneficial interest in the IRA, thus satisfying 11 U.S.C. § 541(c)(2).

The debtor's argument fails for two reasons. First, the IRA in question does not contain a restraint on alienation clause. The Supreme Court stated in dicta that § 541(c)(2) "entitles a debtor to exclude from property of the estate any interest in a plan or trust *that contains a transfer restriction* enforceable under any relevant nonbankruptcy law." *Patterson v. Shumate*, 504 U.S. at 758, 112 S.Ct. at 2246, 119 L.Ed.2d at 527 (emphasis added). The Supreme Court dicta has been construed to mean that "for § 541(c)(2) to apply, the restriction to be enforced *must be contained in the plan or trust at issue.*" *In re Meehan*, 173 B.R. 818, 820 (S.D.Georgia 1994) (emphasis added). The IRA in this case does not contain a restraint on alienation clause. This court agrees with the dicta in *Patterson* and the holding in *Meehan* in finding that for a restraint on alienation provision to be enforceable pursuant to § 541(c)(2), the provision must be included in the investment plan.

■ Further, even if the transfer restriction may be applicable by statute only, the language of § 25:2–1(b) does not contain a restraint on alienation. The test for exclusion pursuant to 11 U.S.C. § 541(c)(2) is whether the debtor is precluded from transferring an interest in a trust, not whether the creditors may reach the trust assets. *In re Heisey*, 88 B.R. 47 (Bankr.D.N.J.1988) (Moore, J.). In *Heisey*, Judge Moore found that ERISA antialienation provisions did not create a restriction on the transfer of debtor's interest in trust. 88 B.R. at 50. Judge Moore held that an IRA was not excluded from the estate because the "debtor on the date of his petition was entitled to withdraw the entire IRA deposit." *Id.* The only consequence of such withdrawal was the imposi-

tion of a penalty tax. *Id.; see* 26 U.S.C. § 408(f)(1). The debtor in the instant case also was entitled to withdraw his entire IRA deposit; neither the enactment of N.J.S.A. § 25:2–1(b), nor the provisions of any other applicable non-bankruptcy law precludes such a withdrawal.

The debtor's second argument is that N.J.S.A. § 25:2–1(b) is a state exclusion statute which must be enforced by the bankruptcy court so that the debtor receives treatment in the bankruptcy court similar to treatment which he would receive in state court. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1978). Debtor points to the language of the statute which supports its position. This court finds, however, that the language, in fact, indicates that N.J.S.A. § 25:2–1(b) is actually an exemption statute. The statute states that "any property held in an qualifying trust ... shall be exempt from all claims of creditors...." N.J.S.A. § 25:2–1(b). Debtor argues that the remainder of the section, which states "and shall be excluded from an estate in bankruptcy," defines N.J.S.A. § 25:2–1(b) as an exclusion statute.

■ This argument, however, fails. As discussed above, the only pension plans that are excluded under the Bankruptcy Code are those that contain enforceable anti-alienation provisions. As discussed above, the IRA in this case does not contain the necessary anti-alienation provision. If this court had determined that N.J.S.A. § 25:2–1(b) is an exclusion statute, the provision would be unenforceable as it would be preempted by the Bankruptcy Code. The Constitution gives Congress the authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States." The United States Constitution, Article I, Section 8 cl. 4. Congress has chosen to exercise that right in enacting the Bankruptcy Code. Having done so, the authority of the states to pass separate laws concerning insolvents and bankrupts has been preempted. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). On the other hand, Congress can permit the scope of *exemptions* in bankruptcy to be determined by the laws of the various states. *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed.

1113 (1901). Congress elected this approach in adopting 11 U.S.C. § 522(b). Thus, a state exclusion statute would be preempted, while a state exemption statute may be enforceable if the debtor chooses the state exemptions pursuant to § 522.

This court determines that a reading of the language and an analysis of the legislative history of N.J.S.A. § 25:2–1(b) makes clear that this is an exemption statute. *See In re Lamb,* 179 B.R. 419 (Bankr.D.N.J.1994) (Gambardella, J.) (analyzes the legislative history of N.J.S.A. § 25:2–1(b)). The ambiguity presented is the legislature's use of the word "exclusion" in an exemption statute. Under the bankruptcy code and the cases decided thereunder, the word "exclusion" is a term of art. The Bankruptcy code provides that the estate is comprised of all legal or equitable interests of the debtor as of the commencement of the case except, in relevant part, as provided by § 541(c)(2). 11 U.S.C. § 541(a)(1). Thus, property satisfying § 541(c)(2), as discussed above, is "excluded" from and never considered a part of the estate. The remaining interests are automatically property of the estate. 11 U.S.C. § 541(a)(1). This property may, however, be removed from the estate if it satisfies either a state or federal exemption. 11 U.S.C. § 522. If the debtor, for example, selects state exemptions and certain property qualifies for exemption pursuant to a state exemption found in the New Jersey Statutes, this property will, in effect, be "excluded" from the estate. It is this definition of "exclusion" that best fits the usage found in N.J.S.A. § 25:2–1(b). This court finds that N.J.S.A. § 25:2–1(b) operates as a New Jersey state exemption.

*Choice of Exemptions*

Pursuant to § 522, the debtor may select either the federal or the state exemptions and debtor has clearly chosen the federal exemptions. Unless debtor can change his selection, as he has requested, the exemption of N.J.S.A. § 25:2–1(b) will not be applicable and the IRA will remain as property of the estate.

Under § 522(b), the debtor must choose the statutory source of its exemptions. Section § 522(b) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize, or in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

This section requires the debtor to choose between subparagraphs (b)(1) and (b)(2) of § 522. Pursuant to (b)(1) the debtor may exempt property under § 522(d), as long as the state of the debtor's residence has not opted out. In the alternative, according to (b)(2)(A), the debtor may choose to exempt any property that is exempt under federal law other than § 522(d). Finally, pursuant to (b)(2)(B), the debtor may exempt property under the applicable state law, including any rights to exempt joint tenancies or tenancies by the entireties. *See also, In re Lamb,* 179 B.R. 419 (Bankr.D.N.J.1994).

▮ Debtor has elected the federal exemptions pursuant to § 522(b)(2)(A).[2] This

---

**2.** It should be noted that pursuant to the federal exemption found in § 522(d)(10)(E), the present

right to payment under an IRA would be exempt. *In re Clark,* 711 F.2d 21 (3rd Cir.1983) (only

election, however, is not final or binding. Pursuant to Bankruptcy Rule 1009, debtor's schedules may be amended, on notice, at any time prior to the closing of the case. Fed. R.Bankr.P. 1009. This rule has been held not to be inconsistent with 11 U.S.C. § 522(1), which provides that a debtor must provide a schedule of properties claimed to be exempt. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir.1984). Thus, a debtor may amend its schedule of claimed exempt property to reflect a different exemption election pursuant to § 522(b). Of course, debtor may choose only *one* of the exemption options offered by § 522(b). *In re Lamb*, 179 B.R. at 424. That is, debtor may not, pursuant to this decision, add the IRA as a N.J.S.A. § 25:2–1(b) exemption and claim a federal exemption for the remaining items. If debtor is to exempt the IRA pursuant to the New Jersey statute, he will be limited only to the exemptions applicable pursuant to § 522(b)(2)(B). *Id.*

### CONCLUSION

The IRA is property of the estate pursuant to 11 U.S.C. § 541. This court finds that N.J.S.A. 25:2–1(b) is a state exemption statute and not an anti-alienation statute sufficient to exclude a qualifying trust from the estate pursuant to § 541(c)(2). To the extent that N.J.S.A. § 25:2–1(b) was intended by the New Jersey legislature to be an exclusion statute, it is preempted by the Bankruptcy Code. The debtor may amend his schedules to exempt the IRA pursuant to N.J.S.A. § 25:2–1(b). As of the date of this opinion, however, the debtor has not done so. Therefore, the IRA remains property of the estate. 11 U.S.C. § 541(a). Any amendment must be filed within fifteen (15) days of the date of the order entered pursuant to this opinion.

Counsel for the debtor shall submit such order embodying the within findings of fact and conclusions of law by reference within ten days of the date hereof.

present right to payment under Keogh plan is exempt); *Matter of Velis*, 123 B.R. 497 (D.N.J. 1991) (applying *Clark* to find that 522(d)(10)(E) is similarly applicable to IRA's). In the instant case, however, there is no present right to payment from the IRA in question.